**M. Stanley CORBITT and Thomas N. Young, Appellants,**

v.

**CITY OF TEMPLE and the Temple Fire Fighters' and Police Officers' Civil Service Commission, Appellees.**

No. 03–96–00402–CV.

Court of Appeals of Texas, Austin.

March 6, 1997.

Rehearing Overruled April 3, 1997.

R. John Cullar, Mills, Millar, Matkin & Cullar, Waco, for appellants.

Douglas M. Becker, Gary & Becker, Austin, for appellees.

Before POWERS, ABOUSSIE and JONES, JJ.

ABOUSSIE, Justice.

Appellants, M. Stanley Corbitt and Thomas N. Young (the "Officers"), Temple police officers, appeal a trial court judgment denying relief sought under the Civil Service Act. *See* Tex.Loc.Gov't Code Ann. §§ 143.001–.313 (West 1988 & Supp.1997) (the "Civil Service Act"). In four points of error, the Officers contend the trial court erred by: (1) failing to grant their motion for judgment; (2) concluding the Temple Civil Service Commission (the "Commission") lacked jurisdic-

tion to hear an administrative appeal regarding their temporary suspensions from off-duty employment representing the Temple Police Department; (3) concluding the Commission properly declined their appeal; and (4) concluding they had no statutory right to a Commission hearing. We will affirm the judgment of the trial court.

## BACKGROUND

Under the rules and policies of the Temple Police Department, the Chief of Police (the "Chief") has the discretion to grant or deny an officer permission to engage in off-duty employment that requires an officer to wear a police uniform and represent the police department. *See* Civil Service Act § 143.008(a); Temple Police Department, Policies and Procedures Manual, §§ 166.00, .01, & 168.01. Among other outside jobs, the Officers often work as police escorts for funeral processions. In response to allegations that the Officers were improperly working off-duty jobs while officially on-duty and, therefore, being paid by the city for work not performed, the Internal Affairs Division of the Temple Police Department conducted an investigation. The Division concluded that the Officers had: performed personal business while on duty; failed to observe department policies and procedures; engaged in conduct unbecoming an officer or neglected their duties; were absent without leave; and failed to report to daily roll call. As a result of these infractions, the Chief suspended the Officers from official duty for one day without pay. *See* Civil Service Act § 143.051, .052(b). The Officers did not appeal these findings or their one day suspensions to the Commission.

The Chief separately notified the Officers by letter that they were prohibited from engaging in off-duty employment representing the department for a period of sixty-eight days. The Chief's notice stated "in addition to any *other discipline* you have received . . .

your privilege to work off-duty representing the Temple Police Department is hereby *suspended...*" The Officers attempted to appeal this decision to the Commission which, citing a lack of jurisdiction, declined to hear the claim. The Officers were informed that the Commission can only hear appeals from a promotional passover, disciplinary suspension, or recommended demotion. The Officers sued the Commission and the City of Temple for damages, claiming that failure to provide them a hearing violated the Civil Service Act. Following a bench trial, the trial court held the Commission did not have jurisdiction to hear the attempted appeal and rendered a take nothing judgment against the Officers. The Officers filed a motion requesting that the trial court reform or modify its judgment or render judgment in their favor. The trial court did not change or withdraw its judgment. The Officers appeal.

## DISCUSSION

The threshold question in this case is whether withdrawal of permission to engage in off-duty employment falls within the definition of a "disciplinary suspension" that may be appealed to the Commission under the Local Government Code. *See* Civil Service Act § 143.053. In their fourth point of error, the Officers contend Chapter 143 of the Civil Service Act specifically authorizes an administrative appeal to the Commission from temporary suspension from off-duty employment privileges. We disagree.

The statute does not provide for administrative appeal of every possible disciplinary action taken by the Chief, only those that are specifically enumerated. Under the Civil Service Act, the Commission only has jurisdiction to hear appeals from promotional passovers, disciplinary suspensions, and demotions.[1] *See* Civil Service Act §§ 143.034, .053, .054.

---

1. The pertinent portions of the Civil Service Act which grant the Commission jurisdiction to hear appeals are:

   § 143.034 Review and Appeal of Promotional Examination
   (a) On request, each fire fighter or police officer applicant for a promotional position is

   entitled to examine the person's promotional examination and answers, the examination grading, and the source material for the examination. If dissatisfied, the applicant may appeal, within five business days, to the commission for review in accordance with this chapter. . . .

The Officers contend the Chief's use of the terms "discipline" and "suspension" in his letter to them demonstrates that the Chief's action constituted additional employment discipline that brings their prohibition from off-duty employment under the protections of the Civil Service Act. If the Chief's action constitutes a disciplinary suspension, the Commission had no discretion to deny the appeal and was required to hold a hearing within thirty days. *See* Civil Service Act § 143.053(b); *City of Laredo v. Solis,* 665 S.W.2d 523, 524 (Tex.App.—San Antonio 1983, no writ). The issue of appeal from the disciplinary prohibition from off-duty employment is a case of first impression for a Texas appellate court; therefore, we will begin our analysis by examining the plain language of the statute itself. The pertinent portions of the Civil Service Act are:

§ 143.053. Appeal of Disciplinary Suspension

\* \* \* \* \* \*

(b) If a suspended fire fighter or police officer appeals the suspension to the commission, the commission shall hold a hearing and render a decision in writing within 30 days after the date it receives notice of appeal.

\* \* \* \* \* \*

(e) In its decision, the commission shall state whether the suspended fire fighter or police officer is:

(1) permanently dismissed from the fire or police department;

(2) temporarily suspended from the department; or

\* \* \*

§ 143.052 Disciplinary Suspensions
(b) The head of the fire or police department may suspend a fire fighter or police officer under the department head's supervision or jurisdiction for the violation of a civil service rule. The suspension may be for a reasonable period not to exceed 15 calendar days or for an indefinite period.
\* \* \*
(d) .. if the person wants to appeal to the commission, the person must file a written appeal with the commission ...
\* \* \*

(3) restored to the person's former position or status in the department's classified service

(f) ... If the suspended fire fighter or police officer is restored to the position or class of service from which the person was suspended, the fire fighter or police officer is entitled to full compensation for the actual time lost as a result of the suspension at the rate of pay provided for the position or class of service from which the person was suspended.

Civil Service Act § 143.053.

The Commission must affirmatively state its decision regarding the suspended officer in terms of the officer's relationship to the department; the officer is either permanently or temporarily suspended from the department or restored to the officer's previous departmental position. *See* Civil Service Act § 143.053(e). The statute is silent about off-duty activities. In fact, the stated purpose of the Civil Service Act is to achieve *departmental* efficiency. Civil Service Act § 143.001(a). Moreover, other areas of the Civil Service Act discuss suspensions strictly in relation to the department. For instance, indefinite suspensions are defined as being "equivalent to dismissal from the department." Civil Service Act § 143.052(b). Therefore, the mere use of the word "suspension" in the Chief's disciplinary notice does not necessarily bring within the ambit of section 143.053 temporary revocations of permission to engage in off-duty activities previously allowed.

Furthermore, the remedies provided in section 143.053 are inapplicable to such suspensions. When the Commission disagrees with a proposed discipline, the appropriate remedy is to restore the aggrieved officer's

§ 143.054 Demotions
(c) The commission may refuse to grant the request for demotion. If the commission believes that probable cause exists for ordering the demotion, the commission shall give the fire fighter or police officer written notice to appear before the commission for a public hearing at a time and place specified in the notice....
(d) The fire fighter or police officer is entitled to a full and complete hearing, and the commission may not demote a fire fighter or police officer without that public hearing.

former position or status. *See* Civil Service Act § 143.053(e)(3). Upon restoration, the officer is entitled to full compensation for days of work missed due to suspension. *See* Civil Service Act § 143.053(f). The Commission has no authority, however, to compel a private employer to re-hire or compensate suspended officers with back-pay. Consequently, even if the Officers were entitled to appeal the Chief's decision, the Commission has no authority to award a remedy. Because remedies are specifically enumerated only for departmental suspensions, it is evident that section 143.053 was not intended to encompass other forms of disciplinary suspensions.

The Officers further argue that allowing the Chief to revoke off-duty employment privileges without being subject to appeal could lead to an environment of discrimination and political favoritism. We disagree; other means of redress exist for that type of injury. Further, even if unfair distribution of employment privileges could give rise to such a claim of discrimination, the Officers here have not asserted that the Chief's actions were discriminatory.

The disciplinary actions of the Commission are defined in terms of departmental employment; the Civil Service Act pertains strictly to departmental issues; and section 143.053 provides remedies only for departmental suspensions. We, therefore, hold the term "disciplinary suspension" for purposes of appeal to the Commission does not encompass a suspension from nondepartmental employment privileges. Consequently, the Officers had no statutory right to appeal the Chief's action withholding approval to work off-duty representing the department. We overrule point of error number four.

## CONCLUSION

The Officers' remaining points of error rely upon a right to appeal their nondepartmental suspensions to the Commission. We therefore overrule the Officers' remaining points of error and affirm the judgment of the trial court.