
OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

July 18, 2000

The Honorable Bill G. Carter
Chair, Urban Affairs Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0257

Re: Whether a civil-service commission has jurisdiction to hear an appeal of a written reprimand that does not include a suspension or disciplinary action, and related question (RQ-0176-JC)

Dear Representative Carter:

Section 143.010 of the Local Government Code establishes a procedure whereby a fire fighter or police officer who wants to appeal from an action "for which an appeal or review is provided by this chapter" may do so. TEX. LOC. GOV'T CODE ANN. § 143.010(a) (Vernon 1999). In those portions of chapter 143 that apply to the municipality about which you ask, an appeal or a review is provided for a passover from a promotion, a suspension, and a demotion. *See id.* §§ 143.036, .053, .054. You ask whether, under chapter 143, subchapter D of the Local Government Code, a civil-service commission has jurisdiction to hear an appeal of a written reprimand that does not involve a suspension or demotion, or, we assume, does not serve as the basis for a promotional passover. *See* Letter from Honorable Bill G. Carter, Chair, Urban Affairs Committee, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Jan. 20, 2000) (on file with Opinion Committee) [hereinafter "Request Letter"]; TEX. LOC. GOV'T CODE ANN. ch. 143, subch. D (Vernon 1999 & Supp. 2000). Because the relevant portions of chapter 143 do not provide for an appeal of a written reprimand, we conclude that a civil-service commission has no jurisdiction to consider the appeal.

You also ask whether a written reprimand must be placed in the civil-service commission personnel file that is open to the public under section 143.089(a) of the Local Government Code or in the department file that is confidential under section 143.089(g). *See* Request Letter, *supra*, at 1; TEX. LOC. GOV'T CODE ANN. § 143.089(a), (g) (Vernon 1999). Because it is not a disciplinary action for the purposes of subchapter D, a written reprimand is not an action that may be taken "in accordance with [chapter 143]" under section 143.089(a)(2). *See* TEX. LOC. GOV'T CODE ANN. § 143.089(a)(2) (Vernon 1999). Consequently, it must be placed in the confidential department file and not in the public civil-service-commission file.

You ask about a municipality that is not subject to subchapters G, H, I, or J of chapter 143. Subchapters G, H, and J apply to a municipality with a population of 1.5 million or more. Subchapter I applies to a municipality with a population of at least 460,000 (but less than 1.5

million) that operates under a city-manager form of government and that has adopted chapter 174 of the Local Government Code. Accordingly, our answers apply only to a municipality that is not subject to subchapters G, H, I, or J, *i.e.*, a municipality with a population lower than 1.5 million, or, if the municipality has a population between 460,000 and 1.5 million, one that does not operate under a city-manager form of government or has not adopted chapter 174 of the Local Government Code.

You explain that "[f]ire and police chiefs frequently issue written reprimands" to discipline civil-service employees. Request Letter, *supra*, at 1. While you do not further describe the practice, one of the parties who briefed the issue included, as examples, copies of written reprimands. *See* Brief from Combined Law Enforcement Associations of Texas, exhibits, to Honorable John Cornyn, Texas Attorney General (Mar. 2, 2000) (on file with Opinion Committee) [hereinafter "CLEAT Brief"]. In general, each written reprimand is addressed to a particular civil-service employee and describes an incident of misconduct that is attributed to the addressee. *Id.* The written reprimand cites the rule or rules that the alleged misconduct violated. *Id.* The written reprimand then admonishes the addressee and warns that future violations of this nature will result in more severe discipline. *Id.* The written reprimand instructs the addressee that a copy of the letter will be placed in the addressee's personnel file (although the samples we have been sent do not indicate whether this is the public personnel file maintained under section 143.089(a) of the Local Government Code or the confidential department file maintained under section 143.089(g)). *Id.*; *see* TEX. LOC. GOV'T CODE ANN. § 143.089(a), (f), (g) (Vernon 1999). Finally, the written reprimand informs the addressee that he or she may file a written response to be included in the personnel file with a copy of the reprimand. *See* CLEAT Brief, *supra*. Each written reprimand included as an example is signed by a division head. *Id.*

Chapter 143 of the Local Government Code, pertaining to municipal civil service, establishes procedures for the investigation and review of alleged instances of misconduct by fire- and police-department employees. A municipal civil-service commission or a member of the commission designated by the commission may investigate alleged violations of the commission's rules of conduct. *See* TEX. LOC. GOV'T CODE ANN. § 143.009(a) (Vernon 1999) (authorizing commission or commissioner to determine whether chapter 143 and rules passed thereunder are being obeyed). Upon a finding that an officer has violated the statute or a local rule, the commission may impose disciplinary actions such as those listed in subchapter D: removal or suspension, *see id.* §§ 143.051-.053, .056 (Vernon 1999 & Supp. 2000); demotions, *see id.* § 143.054 (Vernon 1999); and uncompensated duty, *see id.* § 143.055.

Chapter 143 endows a civil-service employee with an express right to appeal some commission actions. In a municipality with a population lower than 1.5 million, an employee may appeal a disciplinary suspension to the civil-service commission. *Id.* § 143.053 (Vernon Supp. 2000). An employee who is demoted has a right to a "public hearing," which we presume provides some sort of review. *See id.* § 143.054 (Vernon 1999). A civil-service employee may appeal to the commission if the employee is passed over for a promotion. *See id.* § 143.036. Conversely, while the statute provides for a civil-service employee to be disciplined by the assignment of

uncompensated duty, the statute does not expressly provide a right to appeal that assignment. *See id.* § 143.055. (As a reminder, we are not considering in this opinion subchapters G, H, I, or J.)

A fire fighter or police officer who wishes to appeal to the commission "from an action for which an appeal or review is provided by" chapter 143 must file the appeal within ten days of the date the action occurred. *See id.* § 143.010(a). The commission must maintain a public record of the appeal proceedings "with copies available at cost." *See id.* § 143.010(h).

Section 143.089, which is part of subchapter F of chapter 143, requires a civil-service director or the director's designee to maintain a personnel file on each fire fighter and police officer and lists the items that are to be retained in the file:

> (a) The director or the director's designee shall maintain a personnel file on each fire fighter and police officer. The personnel file must contain any letter, memorandum, or document relating to:
>
> (1) a commendation, congratulation, or honor bestowed on the fire fighter or police officer by a member of the public or by the employing department for an action, duty, or activity that relates to the person's official duties;
>
> (2) any misconduct by the fire fighter or police officer if the letter, memorandum, or document is from the employing department and if the misconduct resulted in disciplinary action by the employing department in accordance with this chapter; and
>
> (3) the periodic evaluation of the fire fighter or police officer by a supervisor.
>
> (b) A letter, memorandum, or document relating to alleged misconduct by the fire fighter or police officer may not be placed in the person's personnel file if the employing department determines that there is insufficient evidence to sustain the charge of misconduct.
>
> (c) A letter, memorandum, or document relating to disciplinary action taken against the fire fighter or police officer or to alleged misconduct by the fire fighter or police officer that is placed in the person's personnel file as provided by Subsection (a)(2) shall be removed from the employee's file if the commission finds that:
>
> (1) the disciplinary action was taken without just cause; or

> (2) the charge of misconduct was not supported by sufficient evidence.
>
> (d) If a negative letter, memorandum, document, or other notation of negative impact is included in a fire fighter's or police officer's personnel file, the director or the director's designee shall, within 30 days after the date of the inclusion, notify the affected fire fighter or police officer. The fire fighter or police officer may, on or before the 15th day after the date of receipt of the notification, file a written response to the negative letter, memorandum, document, or other notation.
>
> . . . .
>
> (f) The director or the director's designee may not release any information contained in a fire fighter's or police officer's personnel file without first obtaining the person's written permission, unless the release of the information is required by law.
>
> (g) A fire or police department may maintain a personnel file on a fire fighter or police officer employed by the department for the department's use, but the department may not release any information contained in the department file to any agency or person requesting information relating to a fire fighter or police officer. The department shall refer to the director or the director's designee a person or agency that requests information that is maintained in the fire fighter's or police officer's personnel file.

TEX. LOC. GOV'T CODE ANN. § 143.089 (Vernon 1999).

You state that a written reprimand is not a disciplinary action under chapter 143, subchapter D (sections 143.051 - .057) and that a civil-service commission therefore does not have jurisdiction to hear an appeal of a written reprimand. *See* Request Letter, *supra*, at 1. However, you suggest that section 143.089 "confuses the issue." *Id.* at 1-2. We gather from your letter that, because section 143.089(d) refers to "a negative letter, memorandum, document, or other notation of negative impact" that may be included in the civil-service director's personnel file and permits the affected fire fighter or police officer to respond to the negative writing, you believe that the written reprimand must be retained in the public personnel file and that a fire fighter or police officer may appeal the negative letter. *See id.* at 2; TEX. LOC. GOV'T CODE ANN. § 143.089(d) (Vernon 1999).

The City of Fort Worth contends, on the other hand, that a written reprimand may not be appealed to the civil-service commission and must be placed in the confidential file retained in

accordance with section 143.089(g). *See* Request Letter, *supra*, at 2. You summarize the City of Fort Worth's argument:

> The City of Fort Worth takes the position that written reprimands cannot be the subject of appeal. Section 143.089(c) refers to "disciplinary action." The City interprets this term to mean disciplinary action that is imposed pursuant to Subchapter D, which . . . includes [only] suspensions and involuntary demotions. The language in Section 143.089(a)(2) supports this position because it requires the civil service director to maintain a file of documents relating to disciplinary actions taken "in accordance with this chapter." When taken in context, a written reprimand is not Chapter 143 discipline because it is not a suspension or involuntary demotion. According to the City's position, the commission must not hear appeals of written reprimands because it does not have jurisdiction to do so. Furthermore, according to the City's position, [a] written reprimand belongs in the confidential department file . . . .

*Id.*

Given these competing views, you ask first whether a civil-service commission has jurisdiction to hear an appeal of a written reprimand that does not include a suspension or involuntary demotion. In other words, you ask, "Is a written reprimand a disciplinary action pursuant to Chapter 143?" Again, we limit your question to a municipality that is not subject to chapters G, H, I, or J.

A written reprimand is not a "disciplinary action" for the purpose of subchapter D. Subchapter D provides only for removal or suspension, *see* TEX. LOC. GOV'T CODE ANN. §§ 143.051, .052, .056 (Vernon 1999); demotions, *see id.* § 143.054; and assignment to uncompensated duty, *see id.* § 143.055. By contrast, a written reprimand is a "punitive action" for the purpose of subchapter I, but subchapter I does not apply to the issue you raise. *See id.* § 143.312(b)(5) (defining "punitive action" to include written reprimand); Letter from Linda Cobb, Civil Service Director, City of Fort Worth, to Ms. Elizabeth Robinson, Chair, Opinion Committee (June 2, 2000) (on file with Opinion Committee). *But cf.* TEX. LOC. GOV'T CODE ANN. § 143.312(k) (Vernon 1999) ("[i]f an investigation does not result in punitive action . . . but does result in a written reprimand," fire fighter or police officer must be offered opportunity to sign reprimand).

Whether a written reprimand is a disciplinary action for the purpose of subchapter D is irrelevant to the issue of whether the reprimand may be appealed to the civil-service commission, however. As a matter of law, the sole question is whether an employee has an express statutory right to appeal a written reprimand. The right to appeal "exists only where expressly provided for by statute or ordinance, or where the administrative action complained of violates a constitutional right or deprives one of a vested property right." *City of San Antonio v. Rosow*, 716 S.W.2d 633, 635

(Tex. App.–Corpus Christi 1986), *rev'd on other grounds*, 734 S.W.2d 659 (Tex. 1987), *cert. denied*, 484 U.S. 1063 (1988).

A civil-service commission has jurisdiction to hear only those actions for which appeal is expressly provided. As a matter of state law, a civil-service commission in a municipality that is not subject to subchapter G, H, I, or J may hear appeals of only "promotional passovers, disciplinary suspensions, and demotions." *Corbitt v. City of Temple*, 941 S.W.2d 354, 355 (Tex. App.–Austin 1977, writ denied). Subchapter D of chapter 143 provides for appeals of only suspensions and demotions. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.052, .053, .054, .056 (Vernon 1999 & Supp. 2000). Subchapter B provides in addition for appeal when an employee is passed over for a promotion. *See id.* §§ 143.034, .036. Indeed, chapter 143 explicitly recognizes that some actions may not be appealed to the civil-service commission. *See Corbitt*, 941 S.W.2d at 355. Section 143.010 states that a fire fighter or police officer may appeal to the commission "an action for which an appeal or review is provided by this chapter," thus acknowledging that the chapter may not provide appeals for certain actions. TEX. LOC. GOV'T CODE ANN. § 143.010(a) (Vernon 1999).

Because appeal is not expressly provided for the issuance of a written reprimand, we conclude that, as matter of law, a civil-service commission in a municipality that is not subject to subchapter G, H, I, or J has no jurisdiction to hear an appeal of a written reprimand. Conversely, as a matter of law, a fire fighter or police officer has no right to appeal the issuance of a written reprimand. Section 143.089, relating to the contents of the civil-service director's public and the department's confidential personnel files, does not endow a civil-service employee with a substantive right to appeal an action of the civil-service commission. Nonetheless, if a written reprimand is a decision of the civil-service commission, the fire fighter or police officer who is the subject of the reprimand may appeal the decision to the appropriate district court. *See id.* § 143.015(a) (Vernon 1999).

We do not here consider whether any applicable municipal ordinance provides a right to appeal a written reprimand. *See* Tex. Att'y Gen. Op. Nos. JC-0143 (1999) at 3 ("In deference to city officials, this office does not generally construe city . . . ordinances."); JM-846 (1988) at 1 ("As a matter of policy, this office does not interpret city charter provisions."). Nor do we consider whether the issuance of a particular written reprimand violates a fire fighter's or police officer's constitutional rights or deprives a fire fighter or police officer of a vested property right. *See, e.g.*, Tex. Att'y Gen. Op. Nos. JC-0152 (1999) at 12-13 (stating that whether particular circumstance violates constitution as matter of fact is beyond purview of this office); JC-0001 (1999) at 6 (declaring inability to assess whether "issue comports with the constitutional limit as a matter of fact.").

Your second question involves public rights of access to written reprimands. The answer depends upon whether a written reprimand may be kept in the civil-service director's personnel file maintained under section 143.089(a) of the Local Government Code or the department personnel file maintained under section 143.089(g). If a written reprimand is to be placed in the civil-service director's personnel file under subsection (a) - (f), it is generally public information. *See* TEX. LOC. GOV'T CODE ANN. § 143.089(a), (f) (Vernon 1999). If, on the other hand, a written reprimand must

be placed in the department personnel file under section 143.089(g), it is confidential and may not be released to the public. *See id.* § 143.089(g).

The public, civil-service director's file is maintained in accordance with section 143.089(a) - (f), which, among other things, "requires the director of the fire fighters' and police officers' civil service commission or [a] designee to maintain a personnel file for each fire fighter and police officer" and "specifies [the] kinds of information [that] must be placed in the file." Tex. Att'y Gen. ORD-562 (1990) at 5. Retained in the civil-service director's personnel file are any letter, memorandum, or document relating to commendations, congratulations, or honors; relating to misconduct if the letter, memorandum, or document is from the employing department and *"if the misconduct resulted in disciplinary action by the employing department in accordance with this chapter"*; and relating to periodic evaluations by a supervisor. *See* TEX. LOC. GOV'T CODE ANN. § 143.089(a) (Vernon 1999) (emphasis added); *accord City of San Antonio v. Texas Attorney Gen.,* 851 S.W.2d 946, 948 (Tex. App.–Austin 1993, writ denied).

Subsection (g) "permits a fire or police department to maintain a . . . personnel file for" each of its fire fighters or police officers that is separate from the civil-service director's personnel file. Tex. Att'y Gen. ORD-562 (1990) at 6. Contrary to the specifically defined categories of information that may be placed in the civil-service director's personnel file, the category of information that may be placed in the confidential department file under subsection (g) is not defined. This office has construed subsection (g) to authorize a police or fire department to maintain a separate file on an employee or officer that contains more and different information than may be retained in the same employee's or officer's civil-service personnel file. *Id.* The subsection (g) department file need not "merely duplicate the civil service file." *Id.* In the view of this office, the legislative history supports this construction:

> Supporters of the bill enacting subsection (g) testified that the bill was intended to allow a police or fire department to compile a separate personnel file for its own use without limiting the kind of information that could be placed in it, unlike the civil service personnel files maintained under subsection (a) of section 143.089. Testimony of Ron DeLord on H.B. 1368, [President of the Combined Law Enforcement Associations of Texas]. The department personnel file, then, might contain unfounded negative information relating to the police officer or fire fighter, precisely the kind of information that could not be included in the civil service personnel file.

*Id.* at 7.

For us to determine that a written reprimand must be placed in the public, civil-service director's file, a written reprimand must constitute "a disciplinary action" imposed "by the employing department in accordance with this chapter." TEX. LOC. GOV'T CODE ANN. § 143.089(a)(2) (Vernon 1999). A written reprimand is not a commendation for the purpose of

section 143.089(a)(1) or an evaluation for the purpose of subsection (a)(3); accordingly, neither subsection (a)(1) nor (a)(3) allow the placement of a written reprimand in the civil-service director's public personnel file. With respect to whether a written reprimand may be placed in the civil-service director's personnel file under subsection (a)(2), we presume the written reprimand is "from the employing department," as the examples that we have seen were signed by the department director or someone who appeared to be within the subject employee's chain of command. Accordingly, we must consider only whether a written reprimand is a "document relating to . . . any misconduct by [a] fire fighter or police officer . . . [that] resulted in disciplinary action by the employing department in accordance with this chapter." TEX. LOC. GOV'T CODE ANN. § 143.089(a)(2) (Vernon 1999).

We conclude that a written reprimand is not a disciplinary action that may be imposed "by the employing department in accordance with this chapter" with respect to a civil-service commission that is not subject to subchapter G, H, I, or J. The only disciplinary actions that such a civil-service commission may impose "in accordance with this chapter" are those imposed "in accordance with" subchapter D. As we have stated, subchapter D, which is entitled "Disciplinary Actions," provides only for removal or suspension, demotion, and assignment to uncompensated duty. See id. §§ 143.051, .052, .054, .055, .056 (Vernon 1999); cf. TEX. GOV'T CODE ANN. § 411.072(a)(1) (Vernon 1998) (defining "disciplinary action" in context of employee grievances within Department of Public Safety, to mean "discharge, suspension, or demotion"). A written reprimand is not a "disciplinary action" imposed under subchapter D.

Neither subsection (c), which mandates the removal of documents relating to unjustified disciplinary actions or unsubstantiated allegations of misconduct, nor (d), which accords due-process rights to an individual who is the subject of a negative document, of section 143.089 authorizes a civil-service director to place a written reprimand in the director's personnel file. See TEX. LOC. GOV'T CODE ANN. § 143.089(c), (d) (Vernon 1999). You suggest that these subsections impliedly authorize a civil-service director to place in the director's personnel file a written reprimand, which is a substantiated charge of misconduct. See Request Letter, supra, at 2. We disagree. Subsection (a) contains an exclusive list of the documents that must be retained in the director's personnel file, and subsections (c) and (d) do not create additional categories of documents that must be retained in the director's personnel file. The court of appeals discussed the relationship between a document in a civil-service director's personnel file relating to misconduct by a fire fighter or police officer that is from the employing department and that resulted in disciplinary action ("an item (2) document") and subsections (c) and (d) in City of San Antonio v. Texas Attorney General:

> When an item (2) document enters an individual's personnel file, the director must notify the police officer or fire fighter within thirty days; and he or she may respond to the document within fifteen days. § 143.089(d). *The document must be removed from the individual's file if the commission finds the disciplinary action was taken without just cause or the charge of misconduct was not supported by sufficient evidence.* § 143.089(c).

851 S.W.2d at 948. Thus, subsections (c) and (d) apply only to documents that are already in a director's personnel file in accordance with section 143.089(a)(2).

Consequently, a written reprimand may not be placed in the public, civil-service director's personnel file. The department's confidential personnel file, maintained under section 143.089(g) of the Local Government Code, is the appropriate repository for a written reprimand. *See* TEX. LOC. GOV'T CODE ANN. § 143.089(g) (Vernon 1999); *see also City of San Antonio*, 851 S.W.2d at 949 ("Subsection (g) authorizes but does not require City fire and police departments to maintain for their use a separate and independent personnel file on a police officer or fire fighter.").

## S U M M A R Y

As a matter of law, under chapter 143 of the Local Government Code, a municipal civil-service commission that is not subject to subchapters G, H, I, or J lacks jurisdiction to consider an appeal of a written reprimand that does not involve a suspension, demotion, or promotional passover. The department file that is confidential under section 143.089(g) of the Local Government Code is the appropriate repository for such a written reprimand. It may not be placed in the civil-service director's personnel file that is open to the public under section 143.089(f).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee