

# NUMBER 13-24-00310-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CITY OF BROWNSVILLE FIREMEN'S
AND POLICEMEN'S CIVIL SERVICE
COMMISSION AND THE CITY OF
BROWNSVILLE,                                                    Appellants,

v.

FRANK CULVER,                                                    Appellee.

## ON APPEAL FROM THE 404TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

This case concerns whether a public employee is entitled to have prior service time credited toward his longevity and seniority. Appellee Frank Culver sued appellants, the City of Brownsville Firemen's and Policemen's Civil Service Commission (the

Commission) and the City of Brownsville (the City), seeking a writ of mandamus, declaratory relief, and damages. By a single issue on appeal, the City contends that the trial court erred by denying its plea to the jurisdiction. We reverse and render.

## I.     BACKGROUND

Culver was employed as a police officer with the Brownsville Police Department (BPD) from April 2003 to February 2007, when he left to take a position with the United States Border Patrol. In 2015, Culver resigned his position as a border patrol agent and applied again to work with BPD. His application was accepted, and he was re-hired. After attending the police academy and passing an exam, he was sworn in as a BPD officer on May 17, 2016, and he completed his probationary period one year later.

In December 2018, Culver sent a letter to Becky Anzaldua, the City's civil service director, asserting that as a "reinstated officer" he was entitled to have his earlier service time credited toward his "grade, seniority, longevity and any other service that may be in issue." A copy of the Commission's rules and regulations dated September 4, 2012, was attached to the letter. Rule 47, entitled "Reappointment After Resignation [§ 143.0251],"[1] states as follows:

A.     As per the provisions of §[ ]143.0251, [Texas Local Government Code,] the [Commission] may adopt rules to allow a police officer who voluntarily resigns from the department to be reappointed to the department without taking another departmental entrance examination.

B.     Applications for reappointment shall be limited to entry level positions and must be approved by the [Commission], the department head, and the City Manager. Any such applications must be made no later than twelve (12) months after a voluntary resignation, and there must be an existing entry level vacancy before any application shall be

[1] Brackets in original.

2

authorized.

C. Any issues related to whether the resignation was voluntary or under the possibility of a disciplinary proceeding or other such circumstances shall be determined by the Commission, and the Commission may request all pertinent information related to the circumstances surrounding the original resignation and the request for reappointment.

D. Reinstated officers shall be required to serve a probationary period on the same terms as newly appointed officers.

E. With respect to longevity, seniority, time in grade, and any other service time that may be in issue, a reinstated[2] officer's prior service time will be counted after the new probationary period has been satisfied.

According to Culver, Anzaldua denied his request for prior service time credit. Culver then appealed Anzaldua's decision to the Commission, and the Commission reconsidered the request at two subsequent meetings. First, the Commission appeared to grant Culver's request at a meeting on April 8, 2019. Minutes from the April 8 meeting state: "Civil Service Commissioner William Kingsbury made a motion granting Officer Frank Culver's request 'Rule 47 – Reappointment after Resignation' based on past practice. The motion was seconded by Civil Service Commissioner Jorge Green. Approved by majority vote." The Commission considered the issue again at a meeting on June 25, 2019. Minutes from the June 25 meeting state:

> Before going into discussion regarding item 4 Civil Service Commissioner William Kingsbury under Chapter 38 "Code of Ethics" excused himself due to conflict of interest and did not involve himself in the discussion regarding Officer Frank Culver's request pursuant to Section 47 "Re-appointment after Resignation[."]

> It was also determined that the previous vote be rescinded due to a conflict

---

[2] On appeal, the parties do not dispute that the terms "reinstated" and "reappoint[ed]" are interchangeable for purposes of this rule.

3

of interest by CS Commissioner William Kingsbury.

A motion was made by Civil Service Chair Ben Nunez to RESCIND the vote taken on April 8, 2019, concerning Officer Frank Culver's request "Reappointment after Resignation[."] Seconded by Civil Service Commissioner Jorge Green. Carried unanimously.

Item 4.        Discussion and appropriate action regarding Officer Frank Culver's request pursuant to Rule 47 – "Reappointment after Resignation" of the [Commission]'s Rules and Regulations.

                Brief discussion by Civil Service Commissioners Ben Nunez and Jorge Green and Commander James Paschall regarding Officer Frank Culver's request – Reappointment after Resignation.

Adjourned to Executive Session at approximately 3:20pm. Upon conclusion of Executive Session commission reconvened to open session at 3:27pm.

Civil Service Commissioner Jorge Green made a motion granting Officer Frank Culver's request "Reappointment after Resignation." Seconded by Civil Service Chair Ben Nunez pending the determination of City Manager Noel Bernal. Carried unanimously.

Because the City did not act on the Commission's ruling for several months, Culver hired an attorney to inquire about the delay. On April 8, 2020, City Manager Noel Bernal replied with a letter denying Culver's request for past service time credit. Bernal's letter stated in relevant part:

> Before I get to the crux of the issue, I would like to clarify that Officer Culver has not been granted any past due seniority, longevity, time in grade, or any other services as stated in your letter. One step in the process was for the [Commission] to approve the requested benefits. However, as the City Manager, I have authority to make the final determination. Officer Culver was made aware of the fact that the City Manager would make this decision. Please refer to the meeting minutes of June 25, 2019, page 2, Item 4 where it states that "Civil Service Commissioner Jorge Green made a motion granting Officer Frank Culver's request [']Reappointment after Resignation.['] Seconded by Civil Service Chair Ben Nunez **pending the determination of City Manager Noel Bernal**. Carried unanimously."

> Pursuant to the [Commission]'s Rules and Regulations Rule 47 – Reappointment After Resignation (approved on September 24, 2012), Officer Culver had to submit his application for reappointment no later than

4

twelve (12) months after his voluntary resignation, and the application for reappointment must be approved by the [Commission], the department head, and the City Manager. Therefore, in order for Officer Culver to be reappointed and to receive the benefits he is requesting, he would have had to do the following: (1) apply to be reappointed,(2) submit his application for reappointment within 12 months after his voluntary resignation, (3) have his reappointment application approved by the [Commission], the department head, and the City Manager.

Officer Culver left [BPD] voluntarily in February 2007, and was rehired by the department in October 2015. Officer Culver did not submit his application for reappointment within 12 months after his voluntary resignation, in fact, more than eight (8) years had passed before Officer Culver requested to be reappointed after his voluntary resignation. As such, he did not meet a requirement necessary in the 2012 Civil Service Rules and Regulations to become a reappointed officer who is entitled to the benefits [] which he is requesting. Therefore, his request for said benefits will be denied by the Office of the City Manager.

(Emphasis in original.)

On August 1, 2021, Culver sent a letter to the Commission formally requesting to appeal Bernal's decision. Having received no response from the Commission, Culver filed the instant lawsuit on November 17, 2021, setting forth the above-recited facts. *See* TEX. LOC. GOV'T CODE ANN. § 143.015(a) (providing for judicial review of a Commission decision). Among other things, Culver alleged in his suit that the Commission's June 25, 2019 ruling—which approved his request only "pending the determination" of the City Manager—"was a breach/violation of the Commission's mandatory, ministerial duty to issue a ruling unequivocally granting" his request. In his live petition, Culver requested a writ of mandamus compelling the Commission: (1) "to schedule an appeal to consider [his] August 1, 2021, appeal [sic]"; and (2) "to grant [his] request" regarding prior service time credit under Rule 47(E). He also requested declarations that: (1) the Commission's "failure" to "implement" the Commission's April 8, 2019 decision violated Texas Local Government Code Chapter 143; (2)  the Commission was required to grant his request

5

for prior service time credit; (3) the Commission's failure to "make a decision" on his request violated the statute; (4) the Commission's failure to "schedule [his] appeal" within thirty days of his request violated the Commission's rules; and (5) because the City failed to appeal the Commission's June 25, 2019 decision, it was required to grant his request for prior service time credit. Finally, Culver requested damages in the form of back pay, lost wages, and attorney's fees.

The City, appearing on behalf of both itself and the Commission, filed a plea to the jurisdiction arguing in part that the Commission "retain[ed] its immunity from suit" because Culver "was not entitled to an appeal to the [Commission] under [Chapter] 143" and therefore, "any attempted appeal to the District Court is also futile."

After a hearing on May 3, 2023, the parties filed supplemental briefing, and the trial court denied the plea. This accelerated interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (stating that an immediate appeal may be taken from an interlocutory order granting or denying a plea to the jurisdiction filed by a governmental unit).

## II. DISCUSSION

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without considering whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id.* Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 682 (Tex. 2020).

6

The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *see Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). "When a defendant challenges jurisdiction, a court 'is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised.'" *Swanson*, 590 S.W.3d at 550 (quoting *Blue*, 34 S.W.3d at 555); *see Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022) (explaining that a plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both). This is true even when the jurisdictional issue intertwines with the merits of the case. *Swanson*, 590 S.W.3d at 550.

When jurisdictional facts are challenged, our standard of review mirrors that of a summary judgment. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018). We take as true all evidence favorable to the nonmovant, indulge every reasonable inference and resolve any doubts in the nonmovant's favor, and disregard contrary evidence if a reasonable factfinder could. *See id.* at 771; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted, and a factfinder must resolve the issue. *Miranda*, 133 S.W.3d at 227–28. On the other hand, if the evidence is undisputed or fails to raise a fact issue, the plea must be determined as a matter of law. *Id.* at 228; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012).

**B.     Applicable Law**

Political subdivisions of the State, including the City, are generally immune from suit unless immunity has been clearly and unambiguously waived by the Legislature. *City*

*of Houston v. Hous. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018); *Lubbock Cnty. Water Control & Improvement Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 300 (Tex. 2014); *see* TEX. GOV'T CODE ANN. § 311.034.

Chapter 143 of the Texas Local Government Code governs municipal civil service for firefighters and police officers in Texas. *See* TEX. LOC. GOV'T CODE ANN. § 143.001–.363. Its purpose is "to secure efficient fire and police departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants." *Id.* § 143.001(a). Under this chapter, a city with a population of 10,000 or more may establish a civil service commission consisting of three members appointed by the city's chief executive and confirmed by the city's governing body. *Id.* §§ 143.002, .006(a), (b). The commission "shall adopt rules necessary for the proper conduct of commission business," and such rules are binding on the commission if properly noticed and posted according to the statute. *See id.* § 143.008(a), (e).

Section 143.015 provides:

(a)     If a fire fighter or police officer is dissatisfied with any commission decision, the fire fighter or police officer may file a petition in district court asking that the decision be set aside. The petition must be filed within 10 days after the date the final commission decision:

   (1)     is sent to the fire fighter or police officer by certified mail; or

   (2)     is personally received by the fire fighter or police officer or by that person's designee.

(b)     An appeal under this section is by trial de novo. The district court may grant the appropriate legal or equitable relief necessary to carry out the purposes of this chapter. The relief may include reinstatement or promotion with back pay if an order of suspension, dismissal, or demotion is set aside.

(c)     The court may award reasonable attorney's fees to the prevailing party and assess court costs against the nonprevailing party.

8

(d) If the court finds for the fire fighter or police officer, the court shall order the municipality to pay lost wages to the fire fighter or police officer.

*Id.* § 143.015.

The parties appear to agree that § 143.015 clearly and unambiguously waives immunity, but the waiver is limited to viable claims properly falling within the scope of the statute. *See City of New Braunfels v. Tovar*, 463 S.W.3d 913, 918 (Tex. App.—Austin 2015, no pet.) (holding that plaintiff's suit is "plainly within" the "limited waiver" provided by § 143.015 because "its substantive thrust is that the Commission's decision denying him the benefit of seniority points and a place on the promotion-eligibility list should be overturned" and it requested relief recoverable under the statute); *City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 638–39 (Tex. App.—Austin 2007, pet. denied) ("Chapter 143 does provide certain administrative and appellate remedies that, to this limited extent, waive its governmental immunity."); *see also Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 389 (Tex. 2011) ("The central test for determining jurisdiction is whether the 'real substance' of the plaintiff's claims falls within the scope of a waiver of immunity from suit."); *cf. City of San Antonio Fire Fighters' & Police Officers' Civil Serv. Comm'n v. Saenz*, 672 S.W.3d 481, 484 (Tex. App.—San Antonio 2023, no pet.) (finding no waiver under § 143.015 because appellee was not a "fire fighter" as defined in the statute); *Hamilton v. Washington*, No. 03-11-00594-CV, 2014 WL 7458988, at *5 (Tex. App.—Austin Dec. 23, 2014, no pet.) (mem. op.) (same where there was "no Commission decision for the trial court to consider de novo nor any basis for awarding relief under [§] 143.015"). *But see St. Jude Healthcare, Ltd. v. Tex. Health & Human Servs. Comm'n*, No. 01-20-00076-CV, 2021 WL 5904337, at *8 (Tex. App.—Houston [1st Dist.] Dec. 14,

9

2021, no pet.) (mem. op.) ("[W]hether [appellee's] officials had a ministerial duty to provide [appellant] with a contested case hearing, however, goes to the merits of the mandamus claim; it does not deprive the trial court of jurisdiction over the claim."); *McAllen Hosps., L.P. v. Suehs*, 426 S.W.3d 304, 318 (Tex. App.—Amarillo 2014, no pet.) (concluding the trial court had jurisdiction over appellants' mandamus claim against government officials without considering the merits of the claim).[3]

"A writ of mandamus can be used to compel a public official to perform a 'ministerial act,'" which for purposes of mandamus is "an act where 'the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion.'" *City of Houston*, 549 S.W.3d at 577 (citing *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991)); *see* TEX. CONST. art. V, § 8 ("District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.").

## C.     Analysis

As noted, Culver's live petition requested a writ of mandamus compelling the Commission (1) to grant his request for prior service time credit; and (2) to schedule a hearing on his August 1, 2021 appeal of Bernal's denial of that request. Culver further

---

[3] "Even if a governmental entity's immunity has not been waived by the Legislature, a claim may be brought against a governmental official if the official engages in *ultra vires* conduct." *City of Houston v. Hous. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018) (citing *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017)). The plaintiff in an *ultra vires* suit must "allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009)). However, a suit alleging *ultra vires* acts "cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity." *City of El Paso*, 284 S.W.3d at 373. Although Culver alleged that both appellants failed to perform purely ministerial acts, he did not specifically invoke the *ultra vires* doctrine as an exception to the waiver of immunity requirement, and he did not name any governmental official as a defendant in any capacity. Accordingly, we do not construe Culver's live petition as having raised an *ultra vires* claim. Even if he did, he would be under the same burden to show that the Commissioners failed to perform a purely ministerial act. *See City of Houston*, 549 S.W.3d at 576–77.

requested declaratory relief, back pay, lost wages, and attorney's fees. These specific forms of relief are generally available under the limited waiver of immunity provided in Texas Local Government Code Chapter 143. *See* TEX. LOC. GOV'T CODE ANN. § 143.015(b) ("The district court may grant the appropriate legal or equitable relief necessary to carry out the purposes of this chapter."), (c) (authorizing the award of attorney's fees), (d) (requiring the award of lost wages in the event the court rules in favor of the plaintiff); *see also* TEX. CIV. PRAC. & REM. CODE ANN. ch. 37 (Uniform Declaratory Judgments Act). The City argues that the trial court nevertheless lacks jurisdiction over Culver's claims because the acts he seeks to compel were not "ministerial." *See City of Houston*, 549 S.W.3d at 577. We agree.

As to Culver's request for prior service time credit, he first asserts that the City failed to perform its ministerial duty to "implement" the Commission's initial April 8, 2019 decision to grant that request. He argues that, because the City did not appeal the April 8 decision to the district court, that decision was binding under collateral estoppel principles and the Commission lacked authority to rescind it. *See Bradberry v. Jefferson County*, 732 F.3d 540, 549–50 (5th Cir. 2013) ("Texas law applies collateral estoppel 'to administrative agency orders when the agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate.'" (internal citation omitted)). However, Chapter 143 does not authorize a government entity to appeal a Commission decision to district court. *Cf.* TEX. LOC. GOV'T CODE ANN. § 143.015(a) (stating that "a fire fighter or police officer [who] is dissatisfied with any commission decision . . . may file a petition in district court asking that the decision be set aside"). More importantly, the Commission explicitly rescinded its

April 8 decision at its June 25, 2019 meeting. The meeting minutes explain that the earlier decision was rescinded because one of the commissioners had a conflict of interest, a fact which Culver does not dispute. Culver cites no authority indicating the Commission is forbidden from rescinding a prior decision on this basis, and we find none.

Next, Culver contends that Commission failed to perform its ministerial duty to "make a decision" on his request because, according to the June 25 meeting minutes, it approved his request only "pending the determination of [Bernal]." He points to Rule 40(P) of the Commission's rules and regulations, which states:

> Before adjourning, the Commission may adjourn to executive session for deliberation. Thereafter, the Commission *shall reconvene in open session and shall, upon motion and second, make its decision*. Thereafter, a written order reflecting the decision of the Commission shall be prepared to memorialize the ruling of the Commission and signed by a majority of the Commissioners by the [Civil Service] Director documenting the vote and action of the Commission.

(Emphasis added.) However, he does not cite any authority indicating the Commission is forbidden from making its approval of his request conditional on the approval of the city manager, or that such a ruling does not constitute a "decision" as contemplated in Rule 40(P). *See Decision*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "decision" as "[a] judicial determination after consideration of the facts and the law; esp. a ruling, order, or judgment pronounced by a court when considering or disposing of a case"). Instead, the June 25 decision is consistent with Rule 47, which states that an application for "reappointment" under that rule "must be approved by the [Commission], the department head, and the City Manager." We conclude that, to the extent the Commission had a ministerial duty to make a decision on his request for prior service time credit, it satisfied

12

that duty at the June 25, 2019 meeting.[4]

Culver further contends that the Commission had a ministerial duty not just to make a decision on his request for prior service time credit, but to make that decision in his favor. He emphasizes that an administrative agency's "interpretation of its own regulations" is generally "entitled to deference by the courts," *Pub. Util. Comm'n of Tex. v. Gulf States Utils. Co.*, 809 S.W.2d 201, 207 (Tex. 1991), and he argues, based on the Commission's decisions at the April and June 2019 meetings, that the Commission "has interpreted" Rule 47 so that it applies to him. But the Commission's ultimate decision—i.e., to grant Culver's request pending approval of the city manager—does not necessarily reflect that the Commission interpreted the rule in the manner he suggests.

In any event, our deference to an agency's interpretation of its own regulation is not unlimited. Instead, when an administrative agency "has failed to follow the clear, unambiguous language of its own regulation, we must reverse its action as arbitrary and capricious." *Id.* (first citing *Sam Houston Elec. Coop., Inc. v. Public Util. Comm'n*, 733 S.W.2d 905, 913 (Tex. App.—Austin 1987, writ denied); then citing *Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex. 1976); and then citing *Ex parte Roloff*, 510 S.W.2d 913, 915 (Tex. 1974)). "Our review is limited to determining whether the administrative interpretation 'is plainly erroneous or inconsistent with the regulation.'" *Id.* (citing *United States v. Larionoff*, 431 U.S. 864, 872 (1977)).

---

[4] The City argues in part that the Commission lacked jurisdiction to consider Culver's request for prior service time credit because he was not suspended, demoted, or denied a promotion. *See Corbitt v. City of Temple*, 941 S.W.2d 354, 355 (Tex. App.—Austin 1997, writ denied) ("Under [Chapter 143], the Commission only has jurisdiction to hear appeals from promotional passovers, disciplinary suspensions, and demotions.") (citing TEX. LOC. GOV'T CODE ANN. §§ 143.034, .053, .054). Culver asserts that Anzaldua's denial of his request "ha[d] the exact same effect on [his] pay and career status" as would a demotion or denial of promotion. We assume, for purposes of this analysis, that the Commission had jurisdiction to consider Culver's request for prior service time credit.

13

To the extent the Commission concluded that Culver was entitled to prior service time credit under Commission Rule 47, that decision was plainly erroneous and contrary to the plain language of the rule.[5] *See id.* The rule states that, to qualify for prior service time credit, an application for reappointment must be made "no later than twelve (12) months after [the applicant's] voluntary resignation." It is undisputed that Culver applied to be re-hired at BPD in 2015, which is over eight years after he voluntarily resigned. This was the explicit reason for the ultimate denial of Culver's request as stated in Bernal's April 8, 2020 letter. At the May 3, 2023 hearing, Culver testified that Kingsbury "gave [him] examples" of other officers who had been approved for "reappointment" under Rule 47 despite not applying for reappointment within twelve months of resigning. Even if the Commission approved other officers' requests for prior service time credit in that scenario, that would not mean that it had a ministerial duty to grant Culver's request. *See City of Houston*, 549 S.W.3d at 577 (defining ministerial duty).[6]

Moreover, Rule 74 was explicitly promulgated pursuant to Texas Local Government Code § 143.0251, which allows a Commission to "adopt rules to allow a police officer who voluntarily resigns from the department to be reappointed to the department without taking another departmental entrance examination." TEX. LOC. GOV'T CODE ANN. § 143.0251. Yet it is undisputed that Culver took an entrance examination prior to being re-hired. This evidence indicates that Culver was not "reappointed" or

---

[5] There is no dispute that the subject rules are binding on the Commission. *See* TEX. LOC. GOV'T CODE ANN. § 143.008(a), (e).

[6] The minutes from the Commission's April 8, 2019 meeting state that Kingsbury moved to grant Culver's request "based on past practice." Culver cites no authority, and we find none, establishing that an agency may violate the plain language of its own binding regulations because of "past practice" or under any other rationale.

"reinstated" under that rule and was therefore not entitled to prior service time credit.

Finally, Culver argues that the Commission had a ministerial duty to "schedule [his] appeal" of Bernal's April 8, 2020 ruling "within thirty []days" of Culver's request for an appeal, which he sent to the Commission on August 1, 2021. Culver relies on Commission Rule 37(A), which states: "Disciplinary appeals to the [Commission] shall be scheduled and coordinated by the Director for hearing and decision within thirty (30) days after it received the notice of appeal as per the requirements of § 143.053(b), [Texas Local Government Code]." Culver does not explicitly assert that Bernal's decision was a "disciplinary" decision which would be subject to this rule. We conclude that it is not. *See* MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/discipline (last visited Apr. 11, 2025) (defining "discipline" as "control gained by enforcing obedience or order" or "orderly or prescribed conduct or pattern of behavior"). Accordingly, the Commission did not have a ministerial duty in this regard.

Taking as true all evidence favorable to Culver and indulging every reasonable inference in his favor, *see Clark*, 544 S.W.3d 755, 805 (Tex. 2018), we conclude that the actions which Culver seeks to compel are not ministerial; therefore, the trial court lacks jurisdiction over his claims. *See Saenz*, 672 S.W.3d at 484; *City of New Braunfels*, 463 S.W.3d at 918; *City of Round Rock*, 241 S.W.3d at 638–39; *see also Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011) (noting that the Uniform Declaratory Judgments Act "does not enlarge the trial court's jurisdiction but is 'merely a procedural device for deciding cases already within a court's jurisdiction'" (internal quotation omitted)). Appellants' issue is sustained.

15

### III. CONCLUSION

The trial court's judgment is reversed. We render judgment granting appellants' plea to the jurisdiction and dismissing Culver's claims with prejudice.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
8th day of May, 2025.