# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00736-CV

**Officer Robin Talley, Appellant**

**v.**

**The City of Killeen, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
## NO. 235,917-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## O P I N I O N

Appellant Officer Robin Talley sued the City of Killeen, seeking a declaration that her disciplinary appeal, filed with the City's Civil Service Commission on the tenth calendar day following the City's suspension of her employment, was timely filed. The parties filed competing motions for summary judgment, and the trial court granted summary judgment in favor of the City.

The issue presented on appeal is whether rule .053(B)(1) of the City's Civil Service Rules, providing that a disciplinary appeal such as Talley's must be submitted within 240 consecutive hours of receipt of notice, is consistent with section 143.010 of the Texas Local Government Code, which provides that the appeal must be filed "within 10 days." *See* Tex. Loc. Gov't Code § 143.010(a). Because we conclude that the City's 240-hour rule is inconsistent with the Local Government Code and consequently that Talley timely filed her disciplinary appeal, we reverse the trial court's judgment.

**BACKGROUND**

On February 29, 2009, at 10:45 a.m., the City provided written notice to Officer Talley that her employment as a Killeen police officer was suspended indefinitely for alleged civil service violations. The written notice of suspension informed Talley that if she wished to appeal her suspension to the City's Civil Service Commission, she had to do so in writing within ten days of receipt of the letter. On the afternoon of March 6, 2009, the tenth day after receiving notice of her suspension, Talley submitted her written notice of appeal. The City rejected Talley's appeal as untimely, citing the requirement in its Civil Service Rules that an appeal be submitted within 240 hours of receipt of notice.

Talley filed suit challenging the City's decision to reject her disciplinary appeal as untimely. In her sole claim, Talley sought a declaration that she timely filed her appeal pursuant to chapter 143 of the Local Government Code and that she should be allowed to present evidence to the Commission regarding the adverse employment action taken by the City. *See id*. Talley claimed that the City violated the ten-day requirement set forth in chapter 143 when it concluded that her appeal was untimely since it was submitted more than 240 hours after the time she received notice of her suspension. The City filed a motion for summary judgment, arguing that both chapter 143 of the Local Government Code and the City's Civil Service Rules required Talley to file her appeal within 240 hours. The City pointed out that although Talley had filed her appeal on the tenth calendar day following her suspension, she failed to file her appeal within 240 hours, and therefore she missed the deadline. Talley filed a cross-motion for summary judgment on the same issue, contending that her disciplinary appeal was timely because chapter 143 of the Local Government

2

Code simply required her appeal to be filed within "10 days," meaning ten calendar days. In response to the competing motions for summary judgment, the trial court granted the City's motion for summary judgment and denied Talley's motion. This appeal followed.

**STANDARD OF REVIEW**

Summary judgment is proper if the movant establishes that there are no genuine issues of material fact and that the movant is entitled to summary judgment as a matter of law. Tex. R. Civ. P. 166a(c). We review the trial court's rulings on motions for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When, as in this case, the parties asserted competing motions for summary judgment in the trial court on overlapping issues and the trial court granted one party's motion and denied the other, we consider all of the summary-judgment evidence and issues presented and, if the trial court erred, render the judgment the trial court should have rendered. *Id*.

The underlying facts in this case are not in dispute. The resolution of this appeal turns on the application of statutory language to those undisputed facts. We review questions of statutory construction de novo. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent. *See First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631-32 (Tex. 2008). In determining legislative intent, we first consider the plain language of the statute. *GMC v. Bray*, 243 S.W.3d 678, 685 (Tex. App.—Austin 2007, no pet.). When statutory text is clear, it is determinative of legislative intent, unless enforcing the plain meaning of the statute's words would produce an absurd result. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). The words of the statute cannot

3

be examined in isolation, but must be construed based on the context in which they are used. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 441 (Tex. 2011).

## ANALYSIS

The City is subject to chapter 143 of the Local Government Code, known as the Fire Fighters and Police Officers Civil Service Act, governing municipal civil service for fire fighters and police officers. *See* Tex. Loc. Gov't Code §§ 143.001-.363. Section 143.010(a) of the Code provides, in part, that "if a . . . police officer wants to appeal to the commission from an action for which an appeal or review is provided by this chapter, the . . . police officer need only file an appeal with the commission within 10 days after the date the action occurred." *Id*. § 143.010(a). In addition, the City has enacted the City of Killeen's Civil Service Rules. *See* Killeen Civil Services Rules, as amended by Order No. 201, Nov. 17, 2006. Rule .053(B)(1) of the City's Civil Service Rules ("the City's 240-hour rule") provides that an appeal under chapter 143 must be submitted "within ten (10) days (which is 240 consecutive hours) after receiving notice of disciplinary action from the Department Head." In four issues on appeal, Officer Talley argues that her disciplinary appeal was timely under section 143.010(a) of the Local Government Code and that the City's Civil Service Rules cannot control over the statutory deadline. To the extent the City's 240-hour rule is inconsistent with section 143.010(a), we agree.

The Texas Constitution prohibits a home-rule municipality like the City of Killeen from enacting any provision that is "inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." Tex. Const. art. XI, § 5; *see also City of Houston v. Bates*, No. 11-0778, ___ S.W.3d ___, 2013 WL 3240206, at *6 (Tex. Jun. 28, 2013) (noting that

4

ordinance by home-rule city unenforceable to extent it conflicts with state statute). Here, both section 143.010(a) of the Local Government Code and the City's 240-hour rule purport to establish a deadline for filing a disciplinary appeal under chapter 143. Therefore, if the City's 240-hour rule is inconsistent with section 143.010(a), it is in violation of the Texas Constitution, and as a result, the Code controls. Consequently, the dispositive legal issue in this case is whether the City's 240-hour rule is inconsistent with the Local Government Code. The City's 240-hour rule is inconsistent with the Code if the phrase "within 10 days after the date the action occurred" in section 143.010(a) means that a party has ten calendar days from the date on which the party received notice of the action, rather than 240 hours from the time notice is received. For this analysis, we must examine the statute's use of the term "day" and the significance, if any, of the phrase "after the date the action occurred."

Because the statute's use of the term "day" is unambiguous, we are charged to give effect to its plain meaning. *Entergy Gulf States,* 282 S.W.3d at 437. The ordinary meaning of the term "day" is a 24-hour period starting at midnight of the previous day and ending at the following midnight. *See In re Walkup*, 122 S.W.3d 215, 217 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding). The Code Construction Act is consistent with this interpretation, speaking in terms of calendar days, not hours, when interpreting statutes that govern computation of time. *See* Tex. Gov't Code § 311.014.[1]

---

[1] The Texas Administrative Code also computes all time limits using calendar days when the term "day" is used. 1 Tex. Admin. Code § 155.7(b)-(d) (2013) (State Office of Admin. Hearings, Rules of Procedure). Likewise, rules of procedure promulgated by the Supreme Court of Texas routinely treat the term "day" as a calendar day, rather than a number of hours, when computing deadlines. *See, e.g.*, Tex. R. Civ. P. 4; Tex. R. App. P. 4.1.

Other provisions within chapter 143 also underscore the plain meaning of the term "day." In a related provision regarding suspension of police officers, the legislature again reiterated that a notice of suspension must inform the officer that she must file an appeal within "10 days." Tex. Loc. Gov't Code § 143.052(d). However, in the preceding subsection, the legislature instructs the department head who suspends the officer to file a written statement with the commission concerning the reason for the suspension "within 120 hours after the hour of the suspension." *Id.* § 143.052(c). By contrast, every other subsection within section 143.052 that speaks of deadlines does so in terms of "days," "working days," or "calendar days." *Id.* § 143.052(b), (d), (g) & (h). This differing language demonstrates the legislature's intent that the term "days" refers to something other than a number of consecutive hours from a particular starting time.

Section 143.052(h) illustrates this point further. The statute provides that the department head cannot complain of any act by a police officer that occurred "earlier than the 180th day preceding the date the department head suspends the . . . police officer." *Id*. § 143.052(h). This statute refers to the act of suspending the officer, as does section 143.010, and states that the suspension cannot be based on conduct occurring earlier than 180 days prior to the date of the suspension. It would be nonsensical to read this statute to mean that the department head cannot complain of an act by a police officer that occurred more than 4,320 hours before the time the department gave the officer notice (under this reading, for example, an officer could not be suspended for an act that occurred at 3:00 p.m. 180 days before receiving notice of suspension if he received the notice at 4:00 p.m. on the date of suspension). Rather, the only way to give effect to the plain meaning of this provision is to read it to mean that the department head cannot suspend an officer for an action that occurred 181 days before the date of suspension.

6

The legislature clearly knew how to draft a consecutive-hour requirement when intended, and it is apparent from the plain language of the statute at issue and related provisions that such a requirement was not intended in section 143.010.[2]

Similarly, the meaning of "after the date the action occurred" is also unambiguous. The suspended officer has ten days in which to file an appeal "after the date the action occurred." The "action" referred to in the statute is the notice of suspension of the officer. The "date" is the date on which the officer receives notice. Thus, the officer has ten full days to appeal after the date, not the time, on which she receives notice.

Again, section 143.052 illustrates this point. Subsection (c) provides that the department head who suspends the officer must file a written statement with the commission explaining the reason for the suspension "within 120 hours after the *hour of suspension.*" *Id.* § 143.052(c) (emphasis added). With this language, the legislature made clear that the department head must file a document within the 120 hours that begin at the very time the suspension occurs, not the date on which the suspension occurs. Clearly, the legislature knew how to write this sort of

---

[2] The City relies on *City of Lubbock v. Elkins*, 896 S.W.2d 346 (Tex. App.—Amarillo 1995, no writ), to support its interpretation of chapter 143 as requiring an appeal to be filed within 240 consecutive hours from the time of notice. The City's reliance on *Elkins* is misplaced. The sole relevant issue before the court in *Elkins* was whether the term "10 days" as used in section 143.052(d) of the Local Government Code meant ten calendar days or ten working days. *Id.* at 347-48. The Amarillo court of appeals held that the term "10 days" did not mean ten working days and that Elkins' appeal was untimely since he filed it 14 days after receiving notice of his suspension. *Id.* at 352. Rather than ending its decision there, the court went on in dicta to conclude that the statute should be understood to mean a consecutive 240-hour period rather than ten calendar days. *Id.* at 351-52. The court reached this conclusion based on an incomplete analysis of the statutory language contained in chapter 143, including no analysis of the significance or meaning of the remainder of the provision, discussed below, which begins "after the date," rather than "after the hour." We are not bound by the court's dicta in *Elkins*, and we decline to follow it.

7

requirement if intended.[3]  It also knew how to write a requirement that something be filed within ten days after a date when an action occurs, rather than within 240 hours after the exact time or hour on which an action occurred.  *See Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 673 (Tex. 2010) (noting that statute must be construed to give effect to all words used).

Section 143.101(a) is amenable to only one reasonable interpretation—that a party has ten calendar days following the day on which she receives notice of the action to file a disciplinary appeal under chapter 143 of the Local Government Code.  Based on this unambiguous statutory language, we hold that the City impermissibly narrowed and acted inconsistently with section 143.010(a) when it imposed its additional requirement that an officer submit her appeal within 240 hours from the time she receives notice of the suspension, rather than within ten days after the date of the action.  By doing so, the City enacted a Civil Service Rule that is inconsistent with the Code, as demonstrated by the facts of this case.  Under the Texas Constitution, this inconsistent language is of no force and effect, and the plain language of the statute is controlling.

Talley filed her disciplinary appeal within ten days of receiving notice of her suspension, before 5:00 p.m. on the tenth day.  Based on these undisputed facts, Talley timely filed

---

[3]  The only other statutory provisions of chapter 143 in which the legislature included this type of consecutive-hour requirement for a deadline are worded similarly.  *See* Tex. Loc. Gov't Code §§ 143.033(d) ("Within 24 hours after a promotional examination is held, the commission shall post the individual raw test scores on a bulletin board located in the main lobby of the city hall."), 143.117(c) ("If the department head suspends a fire fighter or police officer, the department head shall, within 120 hours after the fire fighter or police officer is notified of the suspension, file a written statement of action with the commission."), 143.119(b) ("If the department head suspends a fire fighter or police officer, the department head shall, within 120 hours after the hour of suspension, file a written statement with the commission giving the reasons for the suspension."), 143.1014(a) ("The department shall provide to a fire fighter or police officer notice of the time and location of a meeting or hearing not later than the 48th hour before the hour on which the meeting or hearing is held . . . .").

her appeal, and the City should have allowed her to present her appeal to the City's Civil Service Commission. The trial court erred in granting the City's motion for summary judgment and in denying Talley's cross-motion.

## CONCLUSION

For these reasons, we reverse the summary judgment of the trial court and render judgment that Talley timely filed her disciplinary appeal with the City's Civil Service Commission.

_____

Scott K. Field, Justice

Before Justices Pemberton, Goodwin and Field;
   Justice Goodwin Dissenting without Opinion

Reversed and Rendered

Filed:   November 20, 2013