# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00693-CV

**City of New Braunfels; Jan Kotylo, in her official capacity; Pat Clifton, in his official capacity; and Fritz Welsch, in his official capacity, Appellants**

**v.**

**Joseph Tovar, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 433RD JUDICIAL DISTRICT
### NO. C2014-0928A, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## O P I N I O N

This is an interlocutory appeal of an order denying a plea to the jurisdiction asserted by a municipality and three official-capacity defendants.[1] We will affirm the order.

The underlying dispute arises under the Civil Service Act, now codified in Chapter 143 of the Local Government Code.[2] The appellants, defendants below, are the City of New Braunfels—one of the municipalities that has voted to adopt the Act—and the three members

---

[1] *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8); *Texas A & M Univ. v. Koseoglu*, 233 S.W.3d 835, 845 (Tex. 2007) (holding that section 51.014(a)(8) allows official-capacity defendants to bring interlocutory appeal of order denying plea to jurisdiction).

[2] *See generally* Tex. Loc. Gov't Code §§ 143.001–.403; *see also Bracey v. City of Killeen*, 417 S.W.3d 94, 97 (Tex. App.—Austin 2013, no pet.) ("In municipalities that have voted to adopt it, the Civil Service Act—nowadays codified as chapter 143 of the Local Government Code—supplants at-will employment of police officers with a regime of merit-based, just-cause employment that is intended to 'secure efficient . . . police departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants.'" (quoting Tex. Loc. Gov't Code § 143.001(a))).

of the City's civil service commission (Commission), each of whom was sued in his or her official capacity.[3] The appellee, plaintiff below, is Joseph Tovar, who has served as an officer with the New Braunfels Police Department for more than a decade and currently holds the rank of Corporal.

On May 20, 2014, appellants administered, and Tovar competed in, a written examination for purposes of creating a promotion-eligibility list for the Sergeant rank.[4] None of the candidates taking the exam were credited with a passing grade of 70 or higher,[5] so no list was created. Tovar was given a grade of 64. He subsequently ascertained that this grade represented only the percentage of his correct answers on the exam, without adjustment. Contending that he was entitled to additional points for seniority that would give him a passing grade (and eligibility for placement on the promotion-eligibility list as the sole candidate), Tovar filed an appeal with the Commission.[6] He relied on section 143.033 of the Act, which in relevant part provides:

---

[3] *See id.* § 143.006 (creation and appointment of civil service commission).

[4] *See City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 617–18 (Tex. App.—Austin 2007, pet. denied) (summarizing the Act's provisions mandating creation and use of eligibility lists in making promotions).

We take the foregoing facts, which appear to be undisputed, from Tovar's live petition and material jurisdictional evidence. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

[5] *See Whiteaker*, 241 S.W.3d at 617 (citing Tex. Loc. Gov't Code § 143.033(c)).

[6] *See* Tex. Loc. Gov't Code § 143.034(a) (permitting "dissatisfied" exam candidate to "appeal, within five business days, to the [civil service] commission for review in accordance with this chapter"). Although Tovar's live petition refers to this filing as a "grievance" rather than an "appeal" (and appellants seem to emphasize that fact), he also indicates that his "grievance" was made "pursuant to Tex. Loc. Gov't Code § 143.034," the provision authorizing an "appeal" by a "dissatisfied" exam candidate. Tovar's choice of pleading nomenclature would not alter the substantive nature of what was plainly his pursuit of the administrative "appeal" remedy provided by section 143.034(a). And to the extent there could be any doubt, we additionally observe that Tovar's evidence includes a copy of this filing and that he styled it an "appeal."

2

§ 143.033.  Promotional Examination Grades

. . . .

(b)      Each police officer is entitled to receive one point for each year of seniority as a classified police officer in that department, with a maximum of 10 points.  Each fire fighter is entitled to receive one point for each year of seniority in that department, with a maximum of 10 points.

(c)      [T]he grade that must be placed on the eligibility list for each police officer or fire fighter shall be computed by adding the applicant's points for seniority to the applicant's grade on the written examination, but for a fire fighter applicant only if the applicant scores a passing grade on the written examination.  Each applicant's grade on the written examination is based on a maximum grade of 100 points and is determined entirely by the correctness of the applicant's answers to the questions. . . . [A]ll police officer applicants who receive a grade of at least 70 points shall be determined to have passed the examination and all fire fighter applicants who receive a grade on the written examination of at least 70 points shall be determined to have passed the examination.  If a tie score occurs, the commission shall determine a method to break the tie.[7]

. . . .

Assuming that the "seniority points" provided by subsection (b) became relevant to Tovar's grade, there is no dispute that Tovar's tenure with the New Braunfels Police Department would qualify him for the maximum of 10 additional points.  In omitting such an adjustment, appellants evidently relied on a local civil-service rule that purports to construe Act section 143.033 to limit eligibility for "seniority points" solely to candidates who "receive a grade of at least 70 on the written

---

[7] *Id*. § 143.033(b)–(c).

examination" alone,[8] in essence making seniority a factor only in the relative rankings of already-passing candidates and not in regard to whether an officer passes the exam at all.[9] Tovar insisted that Act section 143.033 left appellants no discretion to do this, emphasizing the provision's contrasting language when addressing seniority points for fire fighters versus those for police officers.[10]

The Commission considered Tovar's appeal during a meeting on July 9, 2014, and voted to deny relief. On July 18, Tovar filed his suit against appellants in the district court. In it, he principally seeks declaratory, injunctive, and mandamus relief to enforce what he views as the proper construction of Act section 143.033 and compel appellants to add the ten seniority points to which he claims entitlement, credit him with a grade of 74 on the exam, and place his name on the promotion-eligibility list. Incident to these claims, Tovar also seeks attorney's fees and court costs.[11]

Both on appeal and below, appellants have challenged the district court's subject-matter jurisdiction to adjudicate Tovar's claims on essentially two sets of grounds.[12] First, appellants

---

[8] New Braunfels, Tex., Firefighters & Police-Officers Civil Service Commission Rules and Regulations § 143.033(1) (Oct. 11, 2011), *available at* http://www.nbtexas.org.

[9] *See Whiteaker*, 241 S.W.3d at 617 (discussing statutory procedures for deriving promotion-eligibility lists and rankings).

[10] *See, e.g.*, *Talley v. City of Killeen*, 418 S.W.3d 205, 207 (Tex. App.—Austin 2013, pet. denied) (explaining that local civil-service rule is unenforceable to extent it is inconsistent with Civil Service Act (citing Tex. Const. art. XI, § 5; *City of Houston v. Bates*, 406 S.W.3d 539, 546 (Tex. 2013))).

[11] Tovar's live petition also includes a prayer for "actual damages." However, the reporter's record from the hearing on appellants' plea to the jurisdiction reflects that Tovar's counsel orally non-suited any claims for such damages. *See In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 324–25 (Tex. 2009) (recognizing oral nonsuit as effective when made).

[12] Appellants have also presented several arguments that are either in the nature of pleas in bar or otherwise go to the merits of Tovar's claims rather than the district court's jurisdiction to decide them. We do not—and cannot—address those issues at this juncture. *See Bland*, 34 S.W.3d

4

urge that Tovar lacks standing to prosecute his claims. They reason that even if Tovar succeeds on the merits and is named to the promotion-eligibility list, he would have no justiciable interest in a promotion unless and until a vacancy actually arises. Appellants overlook that Tovar is not suing to compel his promotion to Sergeant, but to enforce a distinct statutory right—his right to be included on the promotion-eligibility list from which the hiring authority would be required to select a candidate in the event of a vacancy.[13] Tovar plainly has standing to vindicate this right.[14]

Appellants second line of jurisdictional attack is based on governmental immunity, which would generally bar suit against the City, its agencies or agents (including the three official-capacity defendants) absent legislative waiver.[15] To invoke the district court's jurisdiction nonetheless, Tovar has relied on two alternative theories. First, Tovar has invoked section 143.015 of the Act, which authorizes a police officer who "is dissatisfied with any [civil service] commission decision" to "file a petition in district court asking that the decision

---

at 555 (holding that courts may consider evidence that goes to merits, but only where necessary to resolve jurisdiction issue that is before the court in interlocutory appeal); *see also Astoria Indus. of Iowa, Inc. v. SNF, Inc.*, 223 S.W.3d 616, 626–27 (Tex. App.—Fort Worth 2007, pet. denied) (noting that scope of jurisdiction in interlocutory appeal is generally limited to issue on which interlocutory appeal is authorized, even if order denies or grants other relief).

[13] *See Whiteaker*, 241 S.W.3d at 617–18.

[14] *See id*. at 625. Appellants also suggest that Tovar's claims are not justiciable because it is merely speculative that any vacancies or promotions will occur before the expiration of any promotion list that would have been created based on the May 20, 2014 examination. *See* Tex. Loc. Gov't Code § 143.036(h). While perhaps relevant to potential mootness in the future, *see Heckmann v. Williamson Cnty*., 369 S.W.3d 137, 161–64 (Tex. 2012) (discussing general principles of mootness); *but see id.* at 164 (discussing capable-of-repetition-but-evading-review concept), appellants fail to demonstrate that Tovar currently lacks a justiciable interest in his claims.

[15] *See, e.g.*, *City of New Braunfels v. Carowest Land, Ltd.*, 422 S.W.3d 501, 512–13 (Tex. App.—Austin 2014, no pet.).

be set aside."[16] Section 143.015 further authorizes the district court to provide remedies that include "the appropriate legal or equitable relief necessary to carry out the purposes of this chapter" and attorney's fees.[17] Because the relief authorized by the provision necessarily lies against governmental authorities, section 143.015, as this Court has observed, is a "limited waiver" of sovereign or governmental immunity.[18]

Tovar's suit is plainly within the waiver provided by section 143.015—its substantive thrust is that the Commission's decision denying him the benefit of seniority points and a place on the promotion-eligibility list should be overturned.[19] His claims for injunctive, mandamus, and perhaps declaratory relief would likewise fall within the "legal or equitable relief" that the district court may deem "appropriate . . . to carry out the purposes of this chapter."[20] Tovar's claim for attorney's fees is also explicitly authorized under the provision.[21]

Appellants' chief argument in opposition is that Tovar did not invoke section 143.015, or even assert a justiciable claim under it, because he did not specifically name *the Commission*, in so many words, as a defendant, but instead sued the City and the Commission's

---

[16] Tex. Loc. Gov't Code § 143.015(a). Such a petition must be filed within ten days after the date of the final commission decision. *See id*. There is no dispute Tovar's suit was filed within that deadline.

[17] *Id*. § 143.015(b)–(d).

[18] *See Whiteaker*, 241 S.W.3d at 630.

[19] *See* Tex. Loc. Gov't Code § 143.015(a) (authorizing police officer "dissatisfied with any commission decision" to "file a petition in district court asking that the decision be set aside").

[20] *Id.* § 143.015(b).

[21] *Id.* § 143.015(c).

three members in their official capacities. Leaving aside whether there is any distinction between "the City of New Braunfels" and "the City of New Braunfels' Civil Service Commission" that would be material to jurisdiction, "[i]t is fundamental" that a suit against a government officer in his or her official capacity, such as Tovar has asserted against the Commission's three members, "is merely 'another way of pleading an action against the entity of which [the official] is an agent.'"[22] And where the Legislature has waived immunity to permit suit against the governmental body, as this Court has observed, "the distinction amounts merely to two different ways to plead for the same relief against the same defendant."[23] In short, contrary to appellants' assertions, Tovar *has* sued the Commission in substantive legal effect by suing all of its members in their official capacities. In the very least, the district court would not have committed any harmful error in permitting Tovar's suit to proceed.[24]

Tovar's alternative theory for invoking the district court's jurisdiction despite appellants' governmental immunity relies on the "ultra vires exception" to such immunity, whereby a claimant can seek prospective relief to compel a governmental body to comply with its statutory authority or perform a non-discretionary duty.[25] To invoke the ultra vires exception, a claimant must

---

[22] *Koseoglu*, 233 S.W.3d at 844 (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

[23] *Texas Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 750 (Tex. App.—Austin 2014, pet. dism'd); *accord Teladoc, Inc. v. Texas Med. Bd.*, 453 S.W.3d 606, 613 n.24 (Tex. App.—Austin 2014, pet. filed) (noting that naming agency officer "amounts to a duplicative but harmless pleading of the same claim for relief against the same defendant" (citing *id.*)).

[24] *See Balquinta*, 429 S.W.3d at 750; *Teladoc*, 453 S.W.3d at 613 n.24.

[25] *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Contrary to appellants' assertions during oral argument, the import of *Heinrich* is not tied to the existence of a contractual right. *See id*. (focusing on state official's acting without legal authority or failing to perform a purely ministerial act); *see also Southwestern Bell Tel., L.P. v. Emmett*, __S.W.3d__, No. 13-0584,

sue a human agent of the relevant governmental body, in his or her official capacity,[26] as Tovar has done here. The claimant must also "allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act."[27] To ascertain compliance with that limitation, we "construe the provisions of the [statutes] that define the scope of the [governmental body's] legal authority, apply them to the facts [the claimant has presented], and ascertain whether those facts constitute acts beyond [the agency's] legal authority."[28]

Although we have sometimes declined to address the applicability of the ultra vires exception where, as here, a valid statutory waiver of immunity has been invoked,[29] we do so here in an abundance of caution given appellants' insistence that Tovar has not sued the proper defendant under Act section 143.015 and to the extent Tovar's claim for declaratory relief must rest upon an

---

2015 WL 1285326, at *17 (Tex. Mar. 20, 2015) (holding that local governmental agency's refusal to comply with Water Code provision constituted ultra vires act).

[26] *See Heinrich*, 284 S.W.3d at 373.

[27] *Id*. at 372–73.

[28] *Texas Dep't of Transp. v. Sunset Transp., Inc.*, 357 S.W.3d 691, 701–02 (Tex. App.—Austin 2011, no pet.) (citing *Heinrich*, 284 S.W.3d at 372–73; *Creedmoor–Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 516 n.8 (Tex. App.—Austin 2010, no pet.)).

[29] *See, e.g.*, *Balquinta*, 429 S.W.3d at 751 ("[W]here th[e] jurisdictional analysis of an ultra-vires claim would also have the effect of deciding the merits of a claim under APA section 2001.038 that is within the trial court's jurisdiction by virtue of that statute's waiver of immunity, a trial court does not err in deferring that overlapping determination until a later time." (citing *Sunset Transp.*, 357 S.W.3d at 705; *Texas Dep't of Pub. Safety v. Salazar*, 304 S.W.3d 896, 906 n.7 (Tex. App.—Austin 2009, no pet.)). Our concern has been that an ultra vires analysis would effectively decide the merits of claims within the statutory waiver. *See id.* (declining to address ultra vires jurisdiction because it would "decide disputes regarding [the state actors'] statutory authority that also underlie [plaintiffs'] section 2001.038 rule challenge and comprise the merits of that claim.").

independent jurisdictional basis. The facts material to the ultra vires analysis are both undisputed and straightforward—Tovar was not credited with the ten seniority points that he would have been entitled to under Act section 143.033, subsection (b)—and he urges that subsection (c) left appellants no discretion but to add those ten points to his "raw" exam score of 64, giving him a passing grade, and accordingly place him on the promotion-eligibility list.

We agree that subsection (c) unambiguously mandates these actions on the part of the Commission (or, within the ultra-vires rubric, the Commission members in their official capacities) despite Tovar's inability to obtain a passing grade on the written exam prior to any adjustments. This becomes apparent, as Tovar suggests, when examining subsection (c)'s contrasting treatment of seniority points for fire fighters versus police officers. Subsection (c) mandates that "the grade that must be placed on the eligibility list for each police officer or fire fighter shall be computed by adding the applicant's points for seniority to the applicant's grade on the written examination," then adds "but for a fire fighter applicant only if the applicant scores a passing grade on the written examination."[30] There is no similar limitation for police officers, which implies that "the grade that must be placed on the eligibility list for each police officer" includes the total of "the applicant's points for seniority" and "the applicant's grade on the written examination" regardless of whether the latter was itself a passing grade. This conclusion is further supported by the contrasting language in the subsequent portions of subsection (c):

> Each applicant's *grade on the written examination* [i.e., that which the preceding sentence requires to be added to "the applicant's points for seniority" to compute "the grade that must be placed on the eligibility list"] is based on a maximum grade

---

[30] Tex. Loc. Gov't Code § 143.033(c).

9

of 100 points and is determined entirely by the correctness of the applicant's answers to the questions. . . . [A]ll police officer applicants who receive *a grade* of at least 70 points shall be determined to have passed the examination and all fire fighter applicants who receive *a grade on the written examination* of at least 70 points shall be determined to have passed the examination.[31]

The import of these provisions and their contrasting treatment of police officers and fire fighters is that only a fire fighter's "grade on the written examination" itself counts toward the passing grade of 70, while a police officer's has the benefit of his or her "grade"—a term referring to the total of the "grade on the written examination" and "points for seniority." We must presume the Legislature tailored this contrasting language deliberately, and give effect to it.[32] Upon doing so, we conclude that Tovar has invoked the district court's jurisdiction through valid ultra vires claims.

We affirm the district court's order denying appellants' plea to the jurisdiction.

_____
Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: May 7, 2015

---

[31] *Id*. (emphases added).

[32] *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) ("When construing a statute, our primary objective is to ascertain and give effect to the Legislature's intent. . . . To discern that intent, we begin with the statute's words. . . . We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen.") (internal citations omitted); *see also Talley*, 418 S.W.3d at 207 (applying similar analysis to Civil Service Act's 10-day deadline for appeals).