**REVERSE; RENDER; and REMAND and Opinion Filed May 11, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00813-CV**

**ROBERT "BOB" LONDON IN HIS OFFICIAL CAPACITY AS TOWN SECRETARY FOR ST. PAUL, TEXAS AND CAMDEN "CAM" DAVIS IN HIS OFFICIAL CAPACITY AS (FORMER) CHAIR OF THE PLANNING & ZONING COMMISSION FOR THE TOWN OF ST. PAUL, TEXAS,**
Appellants
V.
**RICK VAN PARK, LLC D/B/A AAA PARK RV, Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-06629-2019**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Garcia

This is an interlocutory appeal from the trial court's denial of Robert London

and Camden Davis's (together, the "Officials") plea to the jurisdiction challenging

Rick Van Park's suit against them for failing to issue a certificate of no action on a

preliminary development plan in the town of St. Paul (the "Town"). In seven issues,

the Officials argue the trial court erroneously denied the plea because Park's claims

do not fall within the ultra vires exception to immunity.

As discussed below, we conclude that the ultra vires claims lack a properly pleaded foundation and render judgment on those claims, but remand to afford Park the opportunity to replead.

## I. BACKGROUND

Rick Van Park (Park) submitted a preliminary plan for development to the Town. The plan application was denied for failure to comply with certain ordinances. Park revised the application and submitted it again. The resubmission was deemed deficient, not properly filed, and substantially incomplete per the Town ordinances and no further action was taken.

Park claimed the Town had not acted properly and demanded that the Town issue a certificate of no action under TEX. LOCAL GOV'T CODE §212.009(d). The Town attorney responded that there was no obligation to do so because the resubmission was not properly filed. Park initiated this suit.

Park's second amended petition asserted claims against the Town, the Planning and Zoning ("P&Z") Commission, London, as town secretary, and Davis, the former chair of the P&Z Commission, and asserted two claims: (1) a request for declaratory relief that Park filed an application for plat approval; the municipal authority responsible for approving plats failed to act; he requested a certificate of no action; defendants were required to provide him with a certificate of no action; and defendants failed and refused to provide him with a certificate of no action; and (2) injunctive relief to compel defendants to comply with Local Government Code

§ 212.009(d) by issuing a certificate of no action. The defendants all filed a plea to the jurisdiction.

Before the hearing, Park filed a third amended petition, dropping the Town and the P&Z Commission as defendants. The amended petition seeks declaratory and mandamus relief against London and Davis for alleged *ultra vires* conduct in refusing to issue a certificate of no action under TEX. LOC. GOV'T CODE ANN. § 212.009(d). The plea to the jurisdiction was amended to address these allegations and subsequently denied. The Officials appeal from that order.

## II. ANALYSIS

### Ultra Vires

The Officials raise overlapping and interrelated issues. They argue that the court erred by denying the plea to the jurisdiction because the ultra vires claims against the Officials for failing to issue a no action certificate under TEX. LOC. GOV'T CODE ANN 212.009(d) are not supported by statute or any other law requiring or authorizing either individual to take any action. They also contend that Park's claims are precluded by the redundant remedies doctrine.

The Officials further argue that even if ultra vires claims are permissible, Davis is not a proper party because he is no longer the P&Z chair, the discretionary determination by the town engineer, attorney, and secretary that the application was incomplete and not properly filed negates the ultra vires claim, and Park's claims fail because they are based on alleged ministerial duties under the amended statute that does not apply.

All these issues turn on whether Park properly pleaded an ultra vires exception to immunity. We thus begin with the Officials' first, second, and fourth issues.

Sovereign immunity protects the State of Texas and its agencies from suit and liability, whereas governmental immunity provides similar protections to the State's political subdivisions. *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011). Sovereign and governmental immunity "shield the public from the costs and consequences of improvident actions of their governments." *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006).

Because a municipality is a political subdivision of the State, both the municipality and its agents generally have governmental immunity, which protects them from lawsuits when the municipality is performing a governmental function, unless the Legislature has expressly waived that immunity. *See City of Austin v. Util. Assocs, Inc.*, 517 S.W.3d 300, 307–08 (Tex. App.—Austin 2017, pet. denied).

A lawsuit against a government actor in his official capacity is effectively a suit against the entity, and the actor generally has the same immunity enjoyed by the entity. *See Univ. of Texas Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 401 (Tex. 2011); *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009). Texas recognizes an exception to that rule, however, for "ultra vires" acts. *Id*.

To bring an ultra vires claim against a government actor, the plaintiff must "allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Chambers-Liberty Ctys. Navigation Dist. v.*

–4–

*State*, 575 S.W.3d 339, 345 (Tex. 2019); *see also Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 161 (Tex. 2016). "The ultra vires suit seeks to enforce existing policy, not alter it." *Stiefer v. Moers*, No. 14–14–00617–CV, 2015 WL 6950104, at *3 (Tex. App.—Houston [14th Dist.] Nov. 10, 2015, pet. denied) (mem. op.). Additionally, the exception to immunity allows only prospective declaratory or injunctive relief, not retroactive relief. *Id*. (citing *Heinrich*, 284 S.W.3d at 374–77).

**The Plea**

Procedurally, the assertion of sovereign or governmental immunity implicates the trial court's jurisdiction and may therefore be asserted in a plea to the jurisdiction. *Houston Belt & Terminal Ry. Co.*, 487 S.W.3d at 160; *see also Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). In a plea to the jurisdiction, a defendant may challenge either the plaintiff's pleadings or the existence of jurisdictional facts on the ground that they do not support subject matter jurisdiction. *Miranda*, 133 S.W.3d at 226–27.

We review the trial court's ruling on a plea to the jurisdiction de novo. *Id.* at 228; *City of Plano v. Hatch*, 584 S.W.3d 891, 895 (Tex. App.—Dallas 2019, no pet.). In performing this review, we do not look to the merits of the case but consider only the pleadings and evidence relevant to the jurisdictional inquiry. *City of Seagoville v. Lytle*, 227 S.W.3d 401, 408 (Tex. App.—Dallas 2007, no pet.).

At the core of Park's ultra vires claim is his contention that the Town was required to approve or deny his plan within thirty days of it being filed, or he was entitled to a certificate of no action—essentially an approved plan. Park requested the certificate, and claims London and Davis improperly failed to issue it.

Park's third amended petition seeks declaratory and mandamus relief against the Officials for "failing to perform required duties in their official capacities." To this end, the petition states:

> *On information and belief* . . . London is responsible for issuing certificates of no action in approval of plats and/or is the records manager officer . . . who is responsible for the disposition of town records and documents obtaining approval of plats submitted to the City . . . Davis is the Chairman of the [P&Z Commission].

(Emphasis added). Park seeks declarations about the applicable version of the government code and the filing of the plan as well as a declaration that the Town and P&Z Commission approved the plan by failing to act within thirty days. Regarding Davis and London, Park seeks a declaration that the Officials engaged in ultra vires conduct by "failing to and/or refusing to issue a certificate of no action." Park further seeks a declaration that he is "entitled to a certificate from the [Town] and/or P&Z stating that the plan was filed and "the [Town] and/or P&Z did not act" on the plan within the required time.

The mandamus relief requested includes an order requiring "London and/or Davis" to issue a certificate of no action stating that the Town and P&Z Commission failed to act, and an order prohibiting or enjoining the Officials from refusing to

issue a certificate of no action. In addition to the pleadings, the evidence before the court included the Town ordinances, the preliminary plan submissions, and correspondence between the parties. Within this framework, we examine whether there are sufficient jurisdictional facts to support claims that Park and London acted without legal authority or failed to perform a purely ministerial act. *See Chambers-Liberty*, 575 S.W.3d at 345.

**Did the Officials Engage in Ultra Vires Conduct?**

To determine if a plaintiff has pleaded a viable ultra vires action, the court must construe the relevant provisions that define the scope of the governmental body's legal authority, apply those statutes to the facts as pleaded by the plaintiff, and ascertain whether those facts constitute acts beyond the governmental body's legal authority. *City of New Braunfels v. Tovar*, 463 S.W.3d 913, 919 (Tex. App.—Austin 2015, no pet.). For an act to be beyond authority, the "relevant statutory or constitutional provisions" must give the official some authority, but not absolute authority, and the official must act beyond the specified limitations. *Tex. Dept. of Transp. v. Sunset Transp., Inc.,* 357 S.W.3d 691, 702 (Tex. App.—Austin 2011, pet. denied). For an act to be ministerial, the law must be one that "prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015). On the other hand, discretionary acts "are those that require

the exercise of judgment and personal deliberation." *City of Houston v. Houston Municipal. Employees Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018).

Responsibility for issuing a certificate of no action arises under TEX. LOC. GOV'T CODE ANN. §212.009, the prior version of which provided:

> (a) *The municipal authority* responsible for approving plats shall act on a plan or plat within 30 days after the date the plat is filed. A plat is approved by the municipal authority unless it is disapproved within that period.
>
>  . . .
>
> (d) If *the municipal authority* responsible for approving plats fails to act on a plat within the prescribed period, *the authority* on request shall issue a certificate stating the date the plat was filed and that *the authority* failed to act on the plat within the period.

TEX. LOC. GOV'T CODE ANN. §212.009 (a), (d).[1] (Emphasis added). We look to the Town ordinances to ascertain the Town's municipal authority responsible for approving plats.

Town Ordinance 100 pertains to how preliminary plans and final plats are considered. Section 3.1 provides:

> The subdivider shall prepare and submit to the Planning and Zoning Commission a Preliminary Plan in accordance with the regulations of this ordinance for its review and recommendations. The Planning and Zoning Commission shall take action on the Preliminary Plan within thirty (30) days of the time the plan was properly filed, in accordance with the conditions set forth in Section 4.1. The Preliminary Plan shall then be submitted to the Town Council for final action. The Town

---

[1] The statute was amended effective September 1, 2019. Both the current and prior version of the statute require the issuance of a certificate of no authority by "the municipal authority responsible for approving plats." The amended statute refers to a "plan or plat." *See* Acts 1987, 70th Leg., ch. 149, § 1, eff. Sept. 1, 1987. Amended by Acts 2019, 86th Leg., ch. 951 (H.B. 3167), §§ 3, 4, eff. Sept. 1, 2019.

Council shall act on the Preliminary Plan within thirty (30) days of the action taken by the Planning and Zoning Commission.

After going through the preliminary plan process, a final plat then proceeds again to the P&Z Commission for recommendation, and the Town Council determines approval. Specifically, the Ordinance provides:

Section 3.3 Time for Preparing Final Plat.

After approval of the Preliminary Plan by the Town Council, and within one hundred and eighty (180) days after such approval, the subdivider may prepare a Final Plat of all or a portion of the land included in the Preliminary Plan for submission to and consideration by the Planning and Zoning Commission for final recommendations.

Section 3.4 When Final Plat is considered by the Town Council.

Upon final action on any such Final Plat by the Planning and Zoning Commission, the same shall be referred to the Town Council, and the Town Council shall at its next succeeding meeting, consider such Final Plat for acceptance of the dedications to the public therein set forth, provided that the plat shall in all things fully comply with the terms and provisions of this Ordinance. Town Council shall act on the Final Plat within thirty (30) days from the date such plat was approved by the Commission.

The Town Ordinance makes clear that the Town Council is the municipal authority responsible for plats. And under the Local Government Code, the municipal authority responsible for issuing plats is charged with issuing the certificate of no action. *See* TEX. LOC. GOV'T CODE ANN. § 212.009.

Park's pleading tacitly acknowledges that the municipal authority is responsible for issuing a no action certificate, stating that "if the authority does not act on the plat, the authority must issue a certificate stating it did not take action upon request." But Park has not identified anything in §212.009 or any of the Town

ordinances establishing that London and Davis are the "municipal authority," nor has he identified any statute or ordinance making London or Davis responsible for issuing such certificates. Instead, Park posits that because the Town secretary and P&Z Commission chair sign final plats that are approved by the Town, and the Town secretary is the individual to whom plat applications are submitted, these officials would presumably have to sign a certificate of no action. At the hearing on the plea, Park admitted that he did not know who was responsible for issuing the certificate and suggested that "we need to pick a person who has the authority to issue it."

Signing and acknowledging official Town documents, however, does not equate to a legal duty to issue certificates of no action. The narrow ultra vires exception requires identification of the specific authority delineating an official's ministerial duty. *See Beeman v. Livingston*, 468 S.W.3d 535, 538 (Tex. 2015) (whether official's actions were ultra vires depended on whether the statute required anything from him); *Hall v. McRaven*, 508 S.W.3d 232, 240 (Tex. 2017) (ultra vires claims against chancellor could only seek to compel chancellor to follow the directives directly and clearly imposed on him). "[M]erely asserting legal conclusions or labeling a defendant's actions as ultra vires, illegal, or unconstitutional is insufficient to plead an ultra vires claim—what matters is whether the facts alleged constitute actions beyond the governmental actor's statutory authority, properly construed." *Tex. Dep't of Transp. v. Sunset Transp., Inc.*, 357 S.W.3d 691, 702 (Tex. App.—Austin 2011, no pet.).

Davis previously volunteered as the chair of the P&Z Commission but is no longer on that commission or any other Town board or commission. In addition, the Town Ordinance reflects that the P&Z Commission serves only in an advisory capacity to the municipal authority responsible for approving plats—the Town Council. While London is the Town secretary, nothing in the record demonstrates that he has any specific responsibility or authority regarding certificates of no action. It is well established that an ultra vires claim may not be brought against "a nominal, apex representative who has nothing to do with the allegedly ultra vires action" because ultra vires claims against a government actor must be confined to that defendant's conduct. *Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 76 (Tex. 2015).

Neither London nor Park have any authority to approve plats or issue certificates of no action. Neither can provide the relief Park seeks. *See, e.g., Meyers v. JDC/Firethorne, Ltd.,* 548 S.W.3d 477, 484 (Tex. 2018) (dismissing ultra vires claims based on redressability aspect of standing because county commissioner had no authority or responsibility to act). Thus, neither can be properly charged with failure to perform a ministerial duty for approving a plat or issuing a certificate of no authority. *See Hall*, 508 S.W.3d at 242–43; *Heinrich*, 284 S.W.3d at 372. Accordingly, Park has failed to allege a viable ultra vires claim against the Officials and their immunity is not waived.

The Officials offer "an additional reason" why Park cannot obtain ultra vires relief against "anyone." Specifically, the Officials maintain that the current version of TEX. LOC. GOV'T CODE ANN. § 212.009, which is applicable to filings after September 1, 2019, does not apply to Park's July 31, 2019 filing of a preliminary plan because the prior version of §212.009 did not apply to a "plan" and the definition of a "plat" did not include a preliminary plat.

We note at the outset that the Officials' amended plea to the jurisdiction states that Park "has a cause of action, if any, against the municipal authority responsible for approving plats" under §212.009. In addition, the Officials have argued here, and in the court below that Park's claims against the Officials fail because they are not "the municipal authority responsible for approving plats." Both the prior and amended statutes direct the "municipal authority responsible for approving plats" to issue certificates of no action. *See* Acts 1987, 70th Leg., ch. 149, § 1, eff. Sept. 1, 1987. Amended by Acts 2019, 86th Leg., ch. 951 (H.B. 3167), §§ 3, 4, eff. Sept. 1, 2019. But we need not parse the parties' arguments or compare statutory revisions and definitions to determine whether there are additional reasons why Park may not have a claim against unnamed parties. The issue is whether Park has properly pleaded ultra vires claims against the named defendants, London and Park, and we

have concluded that he has not.[2] The Officials' first, second, and fourth issues are sustained.

**Repleading**

The Declaratory Judgments Act waives immunity as to certain claims, but it is not a general waiver of immunity. *See Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex.2011). For example, the DJA waives governmental immunity against claims that a statute is invalid but does not waive immunity against claims seeking a declaration of the claimant's statutory rights. *See Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011); *see also City of Dallas v. Tex. EZPawn, L.P.* No. 05-12-01269-CV, 2013 WL 1320513, at *2–3 (Tex. App.— Dallas Apr. 1, 2013, no pet.) (mem. op.) (no waiver of immunity when a party seeks interpretation of statute or ordinance). The DJA cannot be used to circumvent immunity. *Heinrich*, 284 S.W.3d at 374.

Although private parties may seek declaratory relief in connection with alleged ultra vires, *see Sefzik*, 355 S.W.3d at 621–22, we have concluded that Park has not properly pleaded an ultra vires claim. Accordingly, declaratory judgment is not a viable remedy.[3]

---

[2] Likewise, we need not consider the Officials' remaining issues offering additional reasons why the ultra vires claims fail. *See* TEX. R. APP. P. 47.1.

[3] Acknowledging that we might determine that these Officials are not proper parties to respond to his ultra vires claims, Park requests that we remand so that he can conduct discovery on the proper parties for such claims. The Town Ordinance reflects, however, that no single official is charged with issuing a no action certificate. Instead, the Town Ordinance commits that obligation to the Town Council as the municipal authority for approving plats.

When the pleadings do not allege facts sufficient to affirmatively demonstrate jurisdiction, but the pleading defects are curable by amendment, the issue is one of pleading sufficiency, and the plaintiff should be afforded an opportunity to amend. *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839–40 (Tex. 2007). Dismissal without repleading is required only when the pleadings or jurisdictional evidence demonstrate that the plaintiff's suit falls outside any waiver of sovereign immunity. *See id.*

Park's petition includes a request for mandamus relief, albeit against the wrong parties. As the Officials acknowledge, Park could have pursued a mandamus action against the Town requesting that the Town Council issue a certificate of no action. *See Bd. Of Trs. of Hou. Firefighters Relief & Ret. Fund v. City of Houston*, 466 S.W.3d 182,184 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (writ of mandamus sought to require governmental board to comply with state statute); *In re Woodfill*, 470 S.W.3d 473, 481 (Tex. 2015) (issuing conditional writ of mandamus against city council for failing to perform its collective ministerial duty); *see also Howeth Inv., Inc. v. City of Hedwig Village*, 259 S.W.3d 877, 896 (Tex. App.— Houston [1st Dist.] 2008, pet. denied) (remedy for denial of plat application or certificate of no action is generally mandamus relief or a mandatory injunction in the trial court); *see also Walker v. Parker*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding) (Texas law generally authorizes mandamus relief to compel a public official or body to either perform a ministerial duty or correct a clear abuse of

–14–

discretion). Thus, while the pleadings do not demonstrate a waiver of immunity for ultra vires claims, neither do they affirmatively negate waiver altogether. Consequently, Park should be afforded the opportunity to replead.

### III. CONCLUSION

We reverse the trial court's order denying the plea to the jurisdiction and render judgment dismissing Park's ultra vires claims against London and Davis. We remand to allow Park an opportunity to replead and for further proceedings consistent with this opinion.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

200813F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ROBERT "BOB" LONDON IN HIS OFFICIAL CAPACITY AS TOWN SECRETARY FOR ST. PAUL, TEXAS AND CAMDEN "CAM" DAVIS IN HIS OFFICIAL CAPACITY AS (FORMER) CHAIR OF THE PLANNING & ZONING COMMISSION FOR THE TOWN OF ST. PAUL, TEXAS, Appellants

No. 05-20-00813-CV     V.

RICK VAN PARK, LLC D/B/A AAA PARK RV, Appellee

On Appeal from the 471st Judicial District Court, Collin County, Texas Trial Court Cause No. 471-06629-2019.
Opinion delivered by Justice Garcia. Justices Myers and Partida-Kipness participating.

In accordance with this Court's opinion of this date, the trial court's order is **REVERSED and judgment RENDERED** on Rick Van Park, LLC D/B/A AAA Park RV's ultra vires claims and this cause is **REMANDED** to the trial court to allow Rick Van Park, LLC D/B/A AAA Park RV to replead and for further proceedings consistent with this opinion.

It is **ORDERED** that appellant ROBERT "BOB" LONDON IN HIS OFFICIAL CAPACITY AS TOWN SECRETARY FOR ST. PAUL, TEXAS AND CAMDEN "CAM" DAVIS IN HIS OFFICIAL CAPACITY AS (FORMER) CHAIR OF THE PLANNING & ZONING COMMISSION FOR THE TOWN OF ST. PAUL, TEXAS recover their costs of this appeal from appellee RICK VAN PARK, LLC D/B/A AAA PARK RV.

Judgment entered this 11th day of May 2021.